# Kansas City, Memphis & Birmingham Railroad Co. v. Cobb.

### Action of Assumpsit.

1. *Amendment of complaint.*—Where, in an action of assumpsit, the complaint, as originally filed, claimed an amount due on interest coupons, an amendment to said complaint setting out at length one of the coupons, and claiming an amount due on each of them collectively, is not a misjoinder of causes of action, and is allowable.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee against the appellant; and counted on certain interest coupons. There was judgment for plaintiff and defendant appeals.

The only ruling, which is considered by this court, and which is not involved in the case of *Kansas City, Memphis & Birmingham R. R. Co. v. Cobb*, 100 Ala. 228, arose as follows: The complaint as originally filed, simply claimed an amount due upon interest coupons. By leave of the court, the plaintiff filed an amended complaint, in which he set out one of the coupons at length, and claimed an amount due on each of them collectively. The defendant demurred to the amended complaint, on the ground of its being a misjoinder. This demurrer was overruled, and the defendant duly excepted.

HEWITT, WALKER & PORTER, for appellant.

[Oldham v. Mayor and Aldermen of Birmingham.]

LANE & WHITE, *contra.*

HEAD, J.—The court committed no error in overruling the demurrer to the complaint.

There was nothing in the objections to the allowance of the amendments of the complaint. The original complaint counted upon the same coupons. The amendments simply varied their description. Our system of amendments is too liberal to entertain such objections. The original complaint contained substantial causes of action. Whatever deficiencies of allegation there may have been were cured by the verdict.

We believe all other questions raised by this record were adjudicated by this court in the case of *K. C., M. & B. R. R. Co. v. Cobb,* 100 Ala. 228, and the rulings of the city court held free from error. We adhere to that decision.

Affirmed.