# Alabama Great Southern Railroad Co. v. Boyd.

*Action for Negligent Killing Stock.*

1. *Evidence necessary to cast onus on railroad company for killing animal.*—Where a railroad company is sued for the negligent killing of an animal, to cast the onus upon the company of disproving negligence the plaintiff must have shown not only

that the defendant inflicted the injury, but that it occurred at or near a public road crossing, the crossing of two railroads, a regular station or stopping place, or in a village, town or city. (McClellan, C. J., and Haralson, J., dissenting.)

2. *Duty of persons running train to keep a lookout.*—Persons running a train are charged with the general duty of keeping a lookout for animals and of using diligent efforts to avoid injury to them when seen in peril on or near the track.

3. *Jury; what is question for.*—The identity of an animal killed by a railroad train with that found dead by the plaintiff and for which he claims is a question for the jury.

APPEAL from Bibb Circuit Court.

Tried before S. D. LOGAN, ESQ., Special Judge.

Action by James L. Boyd against the Alabama Great Southern Railroad Company to recover damages for killing a cow. The suit was carried to the circuit court by appeal from judgment rendered against the defendant in a justice court. The evidence for the plaintiff tended to show that the cow was killed not nearer than three-quarters of a mile to a station, and was not killed in any village or town, or near any railroad or other crossing. It was shown that the track of the road from the place the cow was killed was straight for some three hundred yards in each direction. The evidence of the identity of the cow was the statement of the plaintiff that he found his cow lying dead near the road about 500 or 600 yards from Blockton, and the statement of another witness that he was on the train of the defendant when it killed a cow about three-quarters of a mile from Blockton. The court refused the affirmative charge to the defendant, and also the following charge: "The question for the jury to decide in this case is not alone whether or not plaintiff's cow was killed by the defendant company, but before you can find for the plaintiff you must be reasonably satisfied from the evidence that the killing was caused by the negligence of the defendant, and the burden of proving such negligence rests in this case on the plaintiff, and negligence is not presumed against the defendant from mere proof of the killing." Judgment for plaintiff.

W. W. LAVENDER and SMITH & WEATHERLY, for appellant.—(1). Unless the killing was shown to have oc-

curred at one of the places named in the statute, the burden of proof was on the plaintiff, since without the statute the burden of proving negligence is on the plaintiff. *Georgia Pacific Railroad Company v. Hughes,* 87 Ala. 610; *Thompson v. Duncan,* 76 Ala. 344; *M. & E. R. R. Co. v. Perryman,* 91 Ala. 413. (2). While it may be said that these cases are overruled by Birmingham Mineral R. R. Co. v. Harris, 98 Ala. 326, the reasoning in the latter case confirms appellant's position, for the reason that this case is put expressly on the then existing statute, which is not now of force.

The record fails to show appearance for appellee; and no brief is on file.

SHARPE, J.—The rule governing the burden of proof as to negligence in trials involving injury to stock by the locomotives or cars of a railroad in this State has been regulated by statute. The different enactments on the subject are particularly mentioned in the opinion rendered in *Ga. Pac. R. R. Co. v. Hughes,* 87 Ala. 611, and again in the opinion in *Birmingham Min. R. R. Co. v. Harris,* 98 Ala. 326.

Under the statutes as they existed prior to the Code of 1886 the onus placed by them upon the railroad to acquit itself of negligence in such cases applied without regard to the place where the injury occurred.—Code of 1876, § 1700; Code of 1867, § 1401. A change appears in the text as prepared for the Code of 1886, section 1147, whereby the operation of the rule was proposed to be restricted to cases where the injuries occurred at one of the places mentioned in the three next preceding sections. This proposed change was prevented by an act approved February 28, 1887, the same day that Code was adopted and which embodied the provision of the previous Code. This act was inserted in the Code of 1886 as a note to its section 1147 and as the later expression of the legislative will it controlled that section.—*Harris'* case and *Hughes'* case *supra.*

Again in the Code of 1896, § 3443, the codifiers have inserted in this provision of the statute words as to place, which by the adoption of the Code, wrought a change in

the rule in question, so as to place the burden of proof as to its negligence upon the railroad company only where the injury was inflicted "at any one of the places specified in the three preceding sections." The statute as so changed governs the present case and decisions upon cases arising under former and different statutes are not here in point.

To cast the onus upon the defendant of disproving negligence, the plaintiff must have shown not only that the defendant inflicted the injury, but that it occurred at or near a public road crossing, the crossing of two railroads, a regular station or stopping place, or in a village, town or city. There was no proof tending to show that the place of injury was near or was within a quarter of a mile of any such place and therefore charge numbered 2 requested by the defendant should have been given. (McClellan, C. J., and Haralson, J., dissenting.)

Persons running a train are charged with the general duty of keeping a lookout for animals and of using diligent efforts to avoid injury to them when seen in peril on or near the track.—*Sistrunk's* case, 85 Ala. 353; *Watson's* case, 90 Ala. 41; *Chattanooga Southern R. R. Co. v. Daniel*, 26 So. Rep. 197. In view of such duty and of the evidence respecting the character of the road as affording opportunity for avoiding the injury after the plaintiff's cow might have been seen, it cannot be affirmed that there was no evidence tending to show negligence on the part of those operating the train.

The identity of the cow which according to Hall's testimony was killed by defendant's train, with that found dead by the plaintiff and for which he claims, was a question for the jury. The defendant was not entitled to the general affirmative charge in its favor, but for the error in refusing charge 2 the judgment will be reversed and the cause remanded.