# Southern Railway Co. v. Reaves.

*Action against Railroad Company for Negligent Killing of Stock.*

1. *Action against railroad for negligent killing of stock; burden of proof.*—In an action against a railroad company to recover damages for the alleged negligent killing of stock, where the ownership, injury and value of the animals killed have been proved, and the killing of the animals is shown to have occurred at a regular station or stopping place on the railroad and at or near a public road crossing on the line of said road, a presumption of negligence arises, which makes a *prima facie* case of liability against the railroad company; and the burden of removing this presumption rests upon the defendant.

2. *Same; liability of railroad company for killing stock.*—The running of a railroad train under such conditions and at a rate of speed which renders it impossible for the servants or employees having the management of the train to avoid injury to animals straying on or near the track, is negligence rendering the railroad company liable for consequent injury; but if the engineer on such train is competent and is keeping a proper lookout, and can not see the approaching animals on or in dangerous proximity to the track, and they come suddenly thereon, so close to the train that the engineer can not stop the train in time to prevent the accident, the railroad company is not liable for injury done to the animal.

3. *Same; charge to the jury.*—In an action against a railroad company for the alleged negligent killing of stock by a train being run on the defendant's road, where the evidence shows that at the place where the accident occurred the track was straight for a mile or more, and the animals might have been seen for a half mile, and the train was runnig from 40 to 60 miles an hour, and there was evidence tending to show that the defendant's engineer was not keeping a proper lookout, charges to the jury which ignore the keeping of a proper lookout by the engineer, or which assume and request the court to instruct as matter of law that the engineer was keeping a proper lookout, are erroneous and properly refused.

[Southern Railway Co. v. Reaves.]

4. *Same; duty of engineer to stop or check train.*—When an animal is perceived near the track of a railroad company, the diligence required of the engineer of a moving train is not the same as if the animal was on the track, and the engineer is not required to stop or check the train unless the circumstances indicate that the animal is likely to move on the track or probably be injured if it remained stationary.

5. *Charges to the jury; properly refused when giving undue prominence to testimony of. witness.*—A charge to the jury which gives undue prominence to the testimony of a particular witness examined in the case, is erroneous and properly refused.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES A. BILBRO.

This action was brought by the appellee, James A. Reaves, against the Southern Railway Company, to recover damages for the alleged negligent killing by a train run on the road of the defendant, of two mules, the property of the plaintiff. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court, among others, to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence they must find for the defendant." (2.) "If the evidence satisfies the jury that the mules were grazing or standing in a ditch or depression 50 feet or more from the track when they were first discovered, then this was not such dangerous proximity to the track as required those in charge of the train to take any notice of them; they had a right to assume that they would not come upon the track. It was only when they made some move or start towards the track that any duty was required of him." (3.) "The court charges the jury that the evidence in this case is without conflict, that the mules were not in dangerous proximity to the track when they were discovered by the men in charge of the train." (4.) "When an engineer sees cattle or stock by the side of the railroad, and not on the track, it is not incumbent on him, and he is

[Southern Railway Co. v. Reaves.]

not required to attempt to stop the train or frighten the animals away by blowing the whistle or ringing the bell, unless they are in dangerous proximity to the track, that is, unless they are so near to the track that they could get thereon ahead of the train, and unless they manifest an inclination to go toward the track." (5.) "The court charges the jury that the evidence in this case is without conflict, that the engineer and fireman were keeping a proper lookout at the place when the animals were found near the track on the occasion of the injury." (8.) "Although you may believe from the evidence that the mules were killed by defendant's train, yet if you find from the evidence that at the time of the accident or injury the engineer was rasonably prudent in trying to avoid injuring the mules, you must find for the defendant." (9.) "Although you may believe from the evidence that the mules were killed by defendant's train, yet if you find from the evidence that at the time of the accident or injury the engineer was reasonably prudent, you must find for the defendant." (10.) "If you believe from the evidence that when the engineer first discovered the mules, they were   not   less than twenty-five feet from the track and were grazing or drinking and not coming toward the track, I charge you that they were not then in such dangerous proximity as to require the exercise by the engineer of any efforts to stop the train, or frighten the animals away." (11.) "If the jury believe from the evidence that the mules came on defendant's track ahead of the train, and in such close proximity to the train that it was then impossible for the trainmen to stop the train in time to prevent injuring the mules, it was not incumbent on them to attempt to stop the train, and their failure to make such an effort would not be negligence." (13.) "The law does not require an engineer on perceiving an obstruction on the track to both blow the whistle and ring the bell. It is sufficient compliance with the law, to either blow the whistle or ring the bell." (18.) "The evidence of the engineer should be fairly and impartially weighed by the jury by his intelligence, his manner, the consistency of his story, its probability, or improbability, and all the other tests which do, or do not convince; and

if the jury, after applying all these tests, are convinced
of the truth of his evidence, they have but one plain duty,
and that is to render a verdict in favor of the defend-
ant." (19.) "The statutory provisions prescribing cer-
tain duties to be performed on perceiving an obstruction
on the track of the road making the railroad company
liable for all damages to persons, stock or other prop-
erty resulting from a failure to comply with these re-
quirements, and imposing on it in an action for damages
the *onus* of proving compliance, only apply when there
is an obstruction on the track, against which the en-
gine or train running its proper course and di-
rection may strike, and it is, or ought to be perceived
by the engineer. Nor does the statutory duty and lia-
bility arise when an animal suddenly springs on the
track in such close proximity that human appliance can
not avoid a collision."

There were verdict and judgment for the plaintiff,
assessing his damages at $190.68. The defendant ap-
peals, and assigns as error the refusal of the court to
give the several charges requested by it.

HUMES, SHEFFEY & SPEAKE, for appellant, cited
*Choate v. Railroad Co.*, 119 Ala. 611; *Railroad Co. v.
Brinkerhoff*, 119 Ala. 606; *Western R. Co. v. Lazarus*,
88 Ala. 453; *N. C. & St. L. v. Hembree*, 85 Ala. 481;
*Anderson v. Bir. Min.*, 109 Ala. 128; *A. G. S. R. R. Co. v.
Chapman*, 80 Ala. 615.

JOHN B. TALLY, *contra*.—The jury being the judge of
the weight and sufficiency of the evidence submitted to
them on the trial of a civil cause, in arriving at a ver-
dict, should be reasonably satisfied from the evidence.
The mere preponderance of evidence should have no con-
trolling influence on the verdict unless the jury believe
such evidence.—*Vandeventer v. Ford*, 60 Ala. 610; *Leh-
man v. Kelly*, 68 Ala. 192; *Acklen v. Hickman*, 60 Ala.
568; *Street v. St. Clair*, 71 Ala. 110.

HARALSON, J.—The killing of the mules for which
this suit was brought, occurred at or near Limrock, a
regular station or stopping place on said railroad, and

at or near a public road crossing on the line of said railroad. In such a case, the injury, ownership and value of the animals having been shown, a presumption of negligence arises, making a *prima facie* case of liability, and the burden of removing the presumption rests upon the defendant.—*L. & N. R. R. Co. v. Cochran*, 105 Ala. 354; *A. G. S. R. R. Co. v. Boyd*, 124 Ala. 525; Code, §§ 3440, 3443.

It has been repeatedly held by us, that "the running of a train under such conditions, or at a rate of speed, as renders it impossible for the servants or agents having the management of it, to avoid injury to animals straying on the track, is negligence, rendering the company liable for the consequent injury." This principle is subject to the condition, that "if the engineer is competent, and keeps a proper lookout, and does not see and cannot see the approaching animals on or in dangerous proximity to the track, and it comes suddenly thereon,—so close to the train that the engineer cannot stop in time to prevent the accident,—the company is not liable for the injury done to the animal."—*Railroad Co. v. Brinkerhoff*, 119 Ala. 606; *Choate v. Railroad Co.*, 119 Ala. 611; *C. of Ga. R. R. Co. v. Stark*, 125 Ala. 365.

The court in this case charged the jury, presumably on all the law of the case, without objection on part of defendant. Thereupon the defendant requested thirty written charges, and the court gave eleven of them and refused nineteen.

The evidence of the engineer was in conflict with itself. He first testified: "When I first observed the mules, they were on the right side of the track feeding, about five feet from the track." Later he testified: "They were standing, the best of my judgment is, about fifty feet from the track when I first saw them. They came out of the ditch, and ran directly towards the track. Both of them jumped right into the middle of the track, one following the other." Later still, he testified: "My recollection is, that the mules threw up their heads, and made for the railroad, and forthwith jumped upon the track, and ran along in front of the engine, and down the middle of the track and not along its side." Other evidence tended to show, that the mules

ran along the north side of the track some 250 or 300 yards before they attempted to cross, and were killed just as they jumped on the track. The evidence also tended to show that the track was straight and unobstructed at this point for a mile or more where the animals were killed; that the accident occurred in the day time, and the train was running from 40 to 60 miles an hour, according to the various estimates of the witnesses, and the mules might have been seen for a half mile.

Refused charges 2 and 10, if not faulty for other reasons, were properly refused because they hypothesized facts not shown in evidence.

The 3d and 5th, were properly refused. The 3d ignores the keeping of proper lookout by the engineer; and the 5th assumes, and requested the court to charge as a matter of law, that he was keeping such a lookout, whereas the plaintiff's evidence tends to show he was not.

When an animal is perceived near to the track of a railroad, the diligence required of an engineer of a moving train is not the same as if it were on the track, and he is not required to stop or check the train, unless the circumstances indicate that the animal is likely to move on the track, or probably be injured if it remains stationary.—*Western R. Co. v. Lazarus*, 88 Ala. 453. The likelihood of its moving on the track, would depend, of course, upon the circumstances,—its proximity or remoteness from the track, what it is doing, and the disposition it manifests at the time,—and this likelihood, dependent upon circumstances, is for the jury to determine. It is only when the engineer, who is competent and vigilant by keeping a steady lookout to discover stock, does not and cannot see the approach of an animal in dangerous proximity to the track,—that is, so close to the train that the engineer cannot stop in time to prevent injuring or killing it, when it comes suddenly on the track,—that the company is not liable for injuring it. Without this, as has been repeatedly held, if the train is run under such conditions, or at such a rate of speed, as renders it impossible for those

in charge to avoid injuring an animal coming suddenly on the track, it is negligence rendering the company liable for the consequent injury.—Authorities, *supra*. Charge 4 is not in consonance with these principles.

The 8th and 9th charges are faulty. They ignore a steady lookout by the engineer to discover the animals, and it is not sufficient that he should have been reasonable prudent to avoid injuring them at the time they were injured. He may, notwithstanding, have been careless before that time in not discovering them sooner, and in running his train at such a rate of speed as not to be able to avoid injuring them, after he did discover them.

The 13th was properly refused. The defendant, under the evidence, may have been liable for injuring the animals, even if the engineer did blow the whistle and ring the bell of the engine; and besides, as for what that fact was worth, the court had just charged the jury, at the instance of defendant, that if they believed the evidence, they "must find that the servants in charge of the engine blew the whistle and rang the bell, as the law required."

The 18th gives undue prominence to the evidence of the engineer.

The 19th was misleading and improper to be given, under the evidence in the cause. Independent of the statutory provisions as to the burden of proof being on the defendant, as to the ringing of the bell and blowing the whistle, the other evidence fully justified the finding of defendant's liability for the injury done the animals.

The other charges were, under the evidence, so manifestly properly refused, as to require no particular comment.

Affirmed.