# Southern Railway Company v. Posten.

*Action for Damages for Negligent Killing of Mare and Injury to Colt.*

1. *Affirmative charge; what evidence does not justify.*—In an action against a railroad company for the negligent killing of plaintiff's mare and injury to a colt, where it is shown that the mare was found dead near by the track, that the colt was injured and found some distance from the track, that there were hoof prints along the road bed leading up to where the mare lay, that the track showed signs of something having been dragged along it, that there were fresh bones and blood on the track, and that it was straight for two or three hundred yards in each direction from where the body of the mare was found, it is not error for the court to refuse to give the general affirmative charge for the defendant.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. A. COLEMAN.

This was an action by the appellee against the appellant, to recover damages for the negligent killing by defendant's train of plaintiff's mare and injury done to a colt. The cause was tried on the plea of not guilty. The evidence at the trial, introduced by the plaintiff, showed that the mare was found dead in a cut on defendant's road, lying alongside the track, and that the colt was found injured about a quarter of a mile from the track. The plaintiff testified that after finding the mare in the cut, he examined the roadbed for some distance and found hoof prints, as if made by a mare and a colt, beginning about one hundred and fifty yards east of and leading up to where the mare lay; that the track showed signs of something having been dragged along

it for thirty or forty feet east of where the mare's body was found; and that fresh bones and blood appeared along that part of the track.

It was shown that the track was straight for a distance, between two hundred and three hundred yards, in each direction from where the mare lay. The one other witness examined testified that he did not see any colt tracks east of the place where the mare was found, but did notice some west of that place. His other testimony was substantially the same as that of the plaintiff. The defendant offered no testimony, but requested the general affirmative charge, which the court refused to give. Defendant excepted to this ruling.

Judgment and verdict were rendered for plaintiff. Defendant appeals, and assigns as error the court's refusal to give the charge as requested by it.

SMITH & WEATHERLY, for appellant, cited *Railroad Company v. VanEaton,* 11 So. Rep. 111.

M. L. LEATH and McCULLOM & McGREGOR, *contra,* cited *Kansas City, Memphis & Birmingham R. R. Co. v. Watson,* 91 Ala. 483; *L. & N. R. R. Co. v. Gentry,* 103 Ala. 635; *L. & N. R. R. Co. v. Davis,* 103 Ala. 661; *Alabama Great Southern R. R. Co. v. Boyd,* 124 Ala. 525; 27 So. Rep. 408.

DOWDELL, J.—This was an action for damages for the negligent killing by defendant's train of plaintiff's mare and for an injury done to a colt. The cause was tried on the plea of not guilty. The only error assigned is that of the refusal of the court to give the general affirmative charge as requested by defendant. The only evidence offered on the trial was that of the plaintiff and one J. P. Casey, who testified in behalf of the plaintiff. The defendant offered no testimony. Without repeating what was said by these witnesses, we think the facts testified to by them made out a sufficient *prima facie* case to require the court to submit the question of the negligent killing of the mare and the injury of the colt to the jury. The facts in this case are similar to the facts in the case of the *Alabama G. S. R'y. Co. v. Boyd,* 124 Ala. 525, and what was there said with reference to the giving or refusal of the general affirmative charge is applicable here; and on the authority of that case the judgment of the circuit court will be affirmed.

Judgment affirmed.