# Central of Ga. Ry. Co. v. Turner.

*Action for Injury to Animal.*

[DECIDED JAN. 10, 1906, 40 So. REP. 355.]

1. *Railroads; Injury to Animals; Evidence; Jury Question.*—It being shown that defendant's passenger train killed plaintiff's cow at or near a public road crossing by striking and knocking her from the track, thus making out a prima facie case for plaintiff, the fact that defendant's engineer testified that a proper look out was being kept; that the train was properly ran; that it was equipped with all modern and requisite appliances for operating and stopping it; that the animal approached the track suddenly and so close that the train could not be stopped, and that he did all that could be done by a skillful engineer to stop before striking her, did not entitle the defendant to the affirmative charge, as it was a question for the jury to determine, from all the evidence.

2. *Same; Instructions.*—Charges which require a finding for defendant, but fail to hypothesize the fact that the engineer was keeping a proper lookout, are properly refused, in an action against a railroad for negligently killing animals.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

This was an action by appelle to recover of appellant the value of a cow killed by defendant's train. The evidence of plaintiff made out a *prima facie* case under the statute. The engineer of the defendant testified that

the train was a passenger train, and that said train and engine were thoroughly equipped with the latest appliances for stopping a train; that it had a first-class headlight which was burning at the time the engine struck the cow, and that all parts of the train were in good running order and it was being properly run at the time the cow was killed; that he was keeping a steady lookout down the track, and that the cow approached the track suddenly from the north side and was within 10 feet of the track and 75 or 80 yards from the engine when he discovered it approaching; that he blew the cattle alarm, put on the air brakes, reversed his engine, and did everything he could, or that a skillful engineer could do to stop the train; that, instead of crossing the track, the cow turned down the track, and went some 30 or 40 feet down the track before he struck it; that he was keeping a steady lookout down the track, and discovered the cow as soon as it could have been discovered, and as soon as it came within the radius of the headlight; that the train had just come down a grade and was running about 30 miles an hour, and could not have been stopped with any degree of safety to the train or its passengers in a less distance than 300 yards.

The defendant requested the court to give the following charges, separately in writing: "(1) If the jury believe from the evidence that the cow in question came suddenly from the right-hand side of the track, and so close in front of the train that the engineer could not stop the train in time to prevent the accident, then they must find for the defendant. (2) If the jury believe from the evidence that the cow in question came suddenly from the right-hand of the track and so close to the train that the engineer could not stop the train or slow it down sufficiently in time to prevent the accident, then they must find for the defendant. (3) If the jury believe from the evidence in this case that the engineer was the only eye witness to the way and manner in which the cow was killed, and if the jury further believe from the evidence that the testimony of said engineer as to the way and manner in which the cow was killed is true, then your verdict must be for the defend-

ant. (4) If the jury believe from the evidence in this case that the engineer was at his post and in the discharge of his duty, and was exercising that degree of diligence which very prudent presons observe in the conduct of their own business, then simply because he failed to see the cow while it was on the right of way does not make the defendant liable for the accident." The court refused each of these charges.

G. L. COMER, for appellant.—The court below clearly erred in refusing to give each of the witten charges requested by appellant.—*L. & N. R. R. Co. v. Brinkerhoff & Co.*, 119 Ala. 606; *Central of Ga. Ry. v. Brister*, 145 Ala. 432; *Anderson v. B. M. R. Co.*, 109 Ala. 128; *Mobile & Ohio R. R. Co. v. Weems*, 74 Miss. 513.

A. H. MERRILL, for appellee.—No matter what was done by the engineer after the discovery of the danger to the animal, if his train was not equipped as the law requires of railroads, then the defendant was liable and the charge properly refused.—*R. & D. R. R. Co. v. Jones*, 92 Ala. 218. The case of *L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606, was not well considered, and charge 5 held to be good in that case was not a proper charge.

TYSON, J.—The cow was killed near a public road crossing by the passenger train of defendant running against her and knocking her from the track. This made out a *prima facie* case for plaintiff, and imposed upon defendant the burden of acquitting itself of negligence.—Code 1896, §§ 3440, 3443; *So. Ry. Co. v. Reaves*, 129 Ala. 457, 29 South. 594; *A. G. S. Ry. Co. v. Boyd*, 124 Ala. 525, 27 South. 408. Under the testimony it is clear that the affirmative charge, requested by defendant, was properly refused.—*L. & N. R. R. Co. v. Cochran*, 105 Ala. 354, 16 South. 797. Neither of the other charges refused to defendant postulated the fact that the engineer was keeping a proper lookout for animals on or in close proximity to the track, or that the train was properly equipped.—*Central of Ga. Ry. Co. v.*

*Stark,* 126 Ala. 368, 28 South. 411; *Sou. Ry. Co. v. Reaves, supra.* They were therefore properly refused. Affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

*Action for Injury to Animal.*