# Western Ry. of Ala. v. McPherson.

*Action for Damages for Killing Stock.*

(Decided April 17, 1906.  40 So. Rep. 934.)

1. *Railroads; Killing Stock; Complaint; Demurrers.*—A comlpaint which alleges that defendant's engineer, while operating one of defendant's engines, failed to keep a proper lookout, did

not ring the bell or blow the whistle, and operated the engine so recklessly and negligently as to kill a cow within the corporate limits of L. about one-fourth of a mile from a public crossing, is not subject to demurrer that it failed to allege in what way the engineer negligently operated his engine, or failed to allege in what the negligence consisted, or that the animal was killed by the negligence of one of defendant's servants acting within the line and scope of his employment, or failed to show with sufficient certainty where the injury occurred.—(Qualifying *S. & N. Ala. Ry. Co. v. Shafner*, 78 Ala. 567, because of the repeal of § 1711, Code 1876, by omission of said section from subsequent codes.)

2. *Same; Allegations and Proof; Variance.*—While the averment in the complaint that the cow was killed within one fourth of a mile from a certain public crossing, is material as locating the place where the injury occurred, it is not descriptive of the subject matter of the suit, and it is not necessary that it be strictly proved as alleged.

3. *Negligence; Pleading; Conjunctive Averments.*—Where the negligence is alleged as consisting of several acts conjunctively averred, all such acts must be proven before plaintiff is entitled to recover.

4. *Railroads; Killing Stock; Burden of Proof; Charges.*—A charge which asserts that unless the jury believe from the evidence that the defendants engineer could have avoided striking the cow, the jury should find for defendant, was properly refused as requiring the plaintiff to show that the injury was not due to an unavoidable accident.

5. *Same.*—A charge asserting that before defendant was put to disproving the negligence charged, plaintiff must show not only that the injury was inflicted by defendant, but that it occurred at or near a public road crossing, the crossing of two railroads, the regular station or stopping place and in the village, town or city, as alleged in the complaint, correctly states the law under § 3443, Code 1896, and its refusal was error.

6. *Same.*—A charge asserting that if the cow was hid from view by a trestle, or culvert until it emerged therefrom, and turned towards the track, and that from the time it so emerged until it was struck the engineer did all he could to avoid striking the cow, the defendant was not liable, is correct and its refusal error.

Appeal from Chambers Circuit Court.

Heard before Hon. S. L. Brewer.

[Western Ry. of Ala. v. McPherson.]

The complaint in this case is in the following language: "The plaintiff claims of the defendant, which is a corporation organized under the laws of the State of Alabama and doing business in Chambers county, the sum of fifty dollars ($50.00), for this, to-wit: That defendant was engaged in the operation by steam of a railway between the cities of West Point, Ga., and Montgomery, Ala., on and prior to January 1, 1903, and that its engineer did not keep a proper lookout, did not ring his bell nor blow his whistle, and did so negligently operate its engine as to kill, on or about January 2, 1903, in said county of Chambers, near the Lanett Cotton Mills, and near the corporate limits of the said town of Lanett, Ala., one black milch cow belonging to plaintiff, of the value of $50.00; and defendants have failed and refused to pay for same. Wherefore plaintiff sues. The name of which engineer is to plaintiff unknown, and also the number of the train to plaintiff unknown." On appeal to the circuit court, the plaintiff amended his complaint as follows: "The plaintiff claims of defendant, which is a corporation organized under the laws of Alabama and doing business in Chambers county, in said state, $75.00 as damages, for that, whereas, heretofore, to-wit, on and prior to January 1, 1903, the defendant was engaged in the operation by steam of a railway between the cities of West Point, Ga., and Montgomery, Ala., and that its engineer, to-wit, W. B. Rast, who was in the employ of defendant and in charge of their engine, did not keep a proper lookout, did not ring the bell nor blow the whistle, and did so recklessly, rapidly, carelessly, and negligently operate its engine as to strike and knock from the defendant's track, on or about January 2, 1903, within or near the corporate limits of Lanett, Ala., in said county, within one-fourth of a mile of a public road crossing, one milch cow which was heavy with calf, belonging to plaintiff (the following interlined in ink between lines 11 and 12, as per judgment entry: 'And injured said cow to the extent of $50, wherefore plaintiff'), of the value of $75.00. That defendant failed to notify plaintiff within twenty-four hours after said cow was

struck by its engines, and failed to notify the nearest justice of the peace, but that one A. Hobbs, who was in the employ of defendant, came along, the next day after said cow was struck, with his hands, all of whom were in the employ of defendant and in charge of this part of defendant's track, and without plaintiff's knowledge or consent did kill then and there with a large hammer said cow, and buried her without saving her hide, which was worth $2.00. That defendants have failed and refused to pay for same or any part thereof. Wherefore plaintiff sues."

The defendant moved the court to strike the complaint last filed, "because it is a departure from the one on which trial was had in the justice court, and from which the appeal was taken, in that it claimed $75 as damages, instead of $50; (2) because it is a departure from the one upon which trial was had in the court below, in that it claims damages for the negligence of defendant in not notifying plaintiff of the injury to the animal and the killing of the said cow by defendant's employes and burying her without saving her hide; (3) because said complaint joins two causes of action in one count; (4) because it is a departure from the original complaint as to the quality and condition of the cow alleged to have been injured. And defendant moves to strike that part of the complaint which alleges the failure of defendant to notify plaintiff of the injury to said cow, and the killing of said cow by defendant's employes and burying her without saving the hide, which is alleged to be worth about $2, upon the ground that said matter is frivolous and irrelevant. Said matter seeks to produce an immaterial issue. If plaintiff was entitled to any damages at all, he is entitled to recover the value of the cow living." The court overruled the moton to strike on the grounds from 1 to 4, inclusive, and granted the motion on the latter grounds assigned. The defendant demurred to the complaint on the following grounds: "Said complaint does not show in what the negligence consisted which is alleged to have caused the striking of the cow. Said complaint fails to show in what way said engineer negligent-

ly operated said engine so as to cause said cow to be struck. Said complaint fails to show or aver that the animal was killed or injured by any negligence on the part of the defendant or any agent or servant acting within the scope of his authority. Said' complaint fails to show with sufficient certainty where the alleged injury occurred." The court overruled these demurrers. The defendant then interposed the following pleas: The general issue; that the injury to said cow was an unavoidable accident ;that said cow was concealed from view from the direction of the train's approach until the train was so near the cow it was impossible for the engineer to stop the train before, and until the train had approached within 100 feet from the place where the cow is alleged to have been killed; the cow was in a culvert underneath the track and could not be seen by the engineer, or any other person or employe on said engine, and said cow emerged from said culvert and started towards said track, and said engine was within 100 feet of said cow, and the train was going at such a rate of speed that it was impossible to do any thing to prevent the train from striking said cow, and the application of brakes and the blowing of whistle would not have prevented it. The other pleas set up the fact that the engineer was keeping a lookout ahead and that the train was equipped with all proper appliances and was properly managed; but, owing to the nearness of the train to the cow when the cow came out from under the culvert and approached the track, it was impossible to stop the train before striking the cow.

The defendant asked the following written charges, which were refused: "(1) Unless the jury believe from the evidence that the injury sued for occurred within one-fourth of a mile of a public road crossing, they must find for the defendant. (2) Unless the jury believe from the evidence that the defendant's engineer ran the train testified about carelessly, they must find a verdict for the defendant. (3) Unless the jury find from the evidence that the defendant's engineer ran the train testified about recklessly, they must find for the defendant. (4) Unless

the jury believe from the evidence that the defendant's engineer could have avoided the striking of said cow, you will find for the defendant. (5) I charge the jury that, to cast the burden upon the defendant of disproving the negligence charged in the complaint, the plaintiff must have shown, not only that the defendant inflicted the injury, but that it occurred at or near a public road crossing, the crossing of two railroads, the regular station or stopping place, or in a village, town or city. (6) I charge you, gentlemen of the jury, that if you believe from the evidence that the view of the engineer was obstructed by the culvert or trestle testified about until the cow emerged from it and turned towards the track, and that from the time it so emerged until struck the engineer did all he could to avoid the striking of the cow, you will find for the defendant."

GEORGE P. HARRISON and ARMSTEAD BROWN, for appellant.—The demurrers should have been sustained.— *Stanton v. L. & N. R. R. Co.,* 91 Ala. 382; *S. & N. R. R. Co. v. Schafner,* 78 Ala. 567. Charges 1, 2 and 3, requested by the defendant should have been given as should charges 4, 5 and 6.—*A. G. S. R. R. Co. v. Boyd,* 124 Ala. 525; *L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 606; *Choate v. So. Ry. Co.,* 119 Ala. 611; *C. of Ga. Ry. Co. v. Stark,* 126 Ala. 365.

HILL, HILL & WHITING, for appellee.—No brief came to the reporter.

DENSON, J.—The complaint in its averments is sufficient, and not subject to the demurrer made to it. Therefore the demurrer was properly overruled. It must be remembered, too, that the case of *S. & N. Ala. Ry. Co. v. Schafner,* 78 Ala. 567, relied on by counsel for appellant, was decided with reference to a statute (section 1711 of the code of 1876) which has been repealed by omission from the codes subsequent to 1876.—*Western Ry. of Ala. v. Sistrunk,* 85 Ala. 352, 5 South. 79.

The defendant pleaded the general issue and five spec-

ial pleas, upon all of which issue was joined. The bill of exceptions is very brief, and states that: "The evidence was conflicting on each and all of the material issues joined between the parties. There was some evidence tending to prove all or most of the allegations contained in the complaint, and there was some evidence tending to disprove such allegations, and there was some evidence tending to prove the facts set up in each and all the pleas of the defendant." It is averred in the complaint that the injury occurred "within or near the corporate limits of Lanett, Ala., in said county, within one-fourth of a mile of the public road crossing." The averment that the injury occurred within one-fourth of a mile of a public road crossing was material with respect to locating the place where the injury occurred, but it was not descriptive of the identity of the subject of plaintiff's action; hence it was not necessary that it should have been proven strictly as alleged, as charge 1 required.— 1 Greenleaf on Evidence (15th Ed.) § 61. The charge was properly refused.

The complaint, unnecessarily it may be, averred several acts of negligence on the part of the engineer in the conjunctive form. In this state of the pleading it was incumbent on the plaintiff to prove all of the acts averred, and it was the right of the defendant to have the court instruct the jury as requested in charges 2 and 3 with respect to a single act of negligence. The court erred in refusing said charges 2 and 3.

Charge 4, it is insisted by the appellant, is substantially as charge 1, which was given at the request of the defendant in the case of *Choate v. Sou. Ry. Co.*, 119 Ala. 611, 24 South. 373. We cannot assent to the insistence. Charge 1 in that case simply asserted the doctrine that an unavoidable accident imposes no liability. The comment of the court was: "If it were an unavoidable accident, as hypothesized in that charge, it could not in any sense be chargeable to the negligence of anybody."

Charge 4 under consideration might be construed as placing the burden on the plaintiff of showing that the injury was not due to an unavoidable accident. The com-

28

[Bibb v. Gaston, Judge of Probate.]

plaint avers that the injury was done within or near the corporate limits of Lanett, Ala., and the bill of exceptions must be construed as showing that there was evidence tending to show that the injury occurred within the corporate limits of Lanett. If it did, then the burden was on the defendant to acquit itself of negligence and of showing a compliance with the statutory requirements and to prove to the reasonable satisfaction of the jury its plea of unavoidable accident. The charge was properly refused.—Code 1896, § 3443; *A. G. S. Ry. Co. v. Boyd,* 124 Ala. 525, 27 South. 408; *Central of Ga. Ry. Co. v. Stark,* 126 Ala. 365, 28 South. 411; *Sou. Ry. Co. v. Reaves,* 129 Ala. 457, 29 South. 594.

Charge 5 correctly stated the law with respect to the burden of proof, and its refusal constitutes reversible error.—Code 1896, § 3443; *A. G. S. Ry. Co. v. Boyd, supra; Sou. Ry. Co. v. Reaves, supra.*

Charge 6 states a correct proposition and should have been given.

For the errors in refusing charges 2, 3, 5, and 6, the judgment is reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON, TYSON, DOWDELL, and SIMPSON, JJ., concur.