# Alabama Great Southern Railroad Co. v. Franklin.

## Damages for Killing Stock.

(Decided June 13, 1907. 44 South. 373.)

*Railroads; Animals on Track; Evidence.*—The fact that the mule belonged to the plaintiff, its value and that it was found dead on the track near a mile post was insufficient to entitle plaintiff to recover without proof of some negligence on the part of defendant; under section 3440-3443, Code 1896, the burden of disproving negligence is not upon defendant until the evidence shows that the place where the animal was killed was at or near a public road crossing, the crossing of two railroads, a regular station or stopping place, or in a village, town or city, or within a quarter of a mile of such place.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Thomas Franklin against the Alabama Great Southern Railroad Company for damages for killing a mule. From a judgment for plaintiff defendant appeals. Reversed and remanded.

GOODHUE & BLACKWOOD, for appellant.—It is only where the killing is shown to have occurred at or near

[Alabama Great Southern Railroad Co. v. Franklin.]

the places mentioned in the statute that the burden of proof is cast upon the defendant to acquit itself of negligence.—Sections 3440-3443, Code 1896; *Bir. Min. R. R. Co. v. Harris*, 98 Ala. 326; *A. G. S. R. R. Co. v. Boyd*, 124 Ala. 536. Therefore, under the evidence in this case the defendant is entitled to the affirmative charge and the court erred in refusing it.

JOHN A. DAVIS, for appellee.—No brief came to the Reporter.

HARALSON, J.—The evidence for the plaintiff tended to show that the mule killed belonged to him, and also what its value was; that it was found dead on the track of defendant company, near mile post 35, in DeKalb county, and this was all the evidence for the plaintiff. There was no evidence, even, that the track was straight, where the mule was killed, nor to show that the place was at or near a public road crossing, the crossing of two railroads, a regular station or stopping place, or in a village, town or city, nor that it was within a quarter of a mile of any such place as specified in sections 3440, 3441, and 3442 of the Code of 1896. Formerly, prior to the Code of 1896, the onus as regulated by statute, was upon the railroad to acquit itself of negligence for killing stock, without regard to the place where the injury occurred; but by later enactments, this rule as to burden of proof was changed.—Code 1886, § 1147; Code 1896, § 3443. Under these statutes—the latter being but a reenactment of the former—it has been held by this court that, to cast the onus upon the defendant of disproving negligence, the plaintiff must have shown not only that the defendant inflicted the injury, but that it occurred at or near one of the places specified in said sections 3440, 3441, and 3442 of the

Code of 1896. This proof, as has been stated, was not made by the plaintiff.—*Ala. G. S. R. Co. v. Boyd,* 124 Ala. 525, 27 South. 408; *Western R. Co. v. McPherson,* 146 Ala. 427, 40 South. 934.

There was no evidence that defendant was guilty of any negligence whatever.

Under these conditions, the court committed error in not giving the affirmative charge as requested for defendant.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.