# Haardt v. Central of Georgia Ry. Co.

*Action for Damages for Killing Stock.*

(Decided July 2, 1907. 44 South. 547.)

*Railroads; Killing Stock; Negligence; Evidence.*—The evidence in this case stated and examined and held sufficient to submit to the jury the question of the negligence of the person operating the train which killed the stock.

APPEAL from Montgomery Circuit Court.

Heard before Hon. J. C. RICHARDSON.

13 .R

Action by Edward Haardt against the Central of Georgia Railway Company for damages for killing a cow. At the conclusion of the evidence the court gave the general affirmative charge for the defendant and there was verdict and judgment accordingly. Reversed and remanded.

HILL, HILL & WHITING, for appellant. There was sufficient evidence to submit to the jury the question of the negligence of those operating the train.—*A. G. S. R. R. Co. v. Boyd,* 124 Ala. 525; 4 Mayf. p. 652. This being true, the court erred in giving the general affirmative charge.—*Beale v. Johnson, et al.,* 140 Ala. 339; *Bir. Ry. L. & P. Co. v. Pinkcard,* 124 Ala. 374. Under the following cases the evidence in this case authorized the jury to draw an inference that the agents of the defendant were negligent as to the keeping of a proper lookout, etc.— *Cent. of Ga. Ry. Co. v. Turner,* 40 South. 355; *K. C. M. & B. Ry. v. Simmons,* 40 South. 573; *Southern Ry. Co. v. Pogue,* 4 South. 565; *Hoge v. Southern Ry. Co.,* 41 South. 425.

CHARLES P. JONES, and W. F. THETFORD, JR., for appellant. The railroad is not liable if an animal springs suddenly on the track so close to the engine that it is not possible to avoid the injury, and where the engineer could not have discovered the animal sooner by keeping a proper lookout.—*M. & G. R. R. Co. v. Caldwell,* 83 Ala. 196; *N. C. & St. L. Ry. v. Hembree,* 85 Ala. 481; *S. & W. R. Co. v. Jarvis,* 95 Ala. 149. The railroad is entitled to the general affirmative charge where the evidence of the engineer is not contradicted and shows that he was not guilty of negligence.—*A. G. S. R. R. Co. v. Roebuck,* 76 Ala. 277; *N. C. & St. L. v. Hembree, supra.* An engineer is only required to maintain such a lookout

as is consistent with his other duties—*E. T. V. & G. R. R. Co. v. Bayliss*, 74 Ala. 150; s. c. 77 Ala. 429.

HARALSON, J.—The evidence for the plaintiff was to the effect, that the cow in question belonged to plaintiff, and was killed by a train of defendant while running on its road; that the cow was killed about the middle of a cut, which was straight and about 150 yards long, rising gradually from a level at either end, to about 6 or 7 feet in the middle; that the track was straight, for a mile or a mile and a half, from either end of the cut; that there were no bushes or grass in the cut, and the injury occurred between 1 and 2 o'clock in the day. It further showed, that there were a number of cows in the cut, and all of them went out, except the one that was injured. Several witnesses for the plaintiff also testified, that being near, they did not hear the bell ring or the whistle blow; that the train was running fast and never slackened its speed until after it struck the cow.

The evidence for the defendant was to the effect, that the engineer saw the cow on the track in the cut, and blew the cattle alarm, applied the brakes and slackened the speed of the train; that after the cows, which were on the track left the cut, he released the airbrakes and applied the steam; that he had gone about 50 feet, when he saw the cow that was struck, come on the track from the left side; that all this time he was looking ahead in the cut, and he could not look at the cut and also keep a watch on the country outside of the cut; that he saw the cow as soon as she could be seen, and at once blew the alarm, cut off the steam, applied the brakes and reversed his engine, and did all a skillful engineer could in the operation of his train, but in spite of this the animal was

struck. Other evidence corroborated that of the engineer.

The court charged the jury that if they believed the evidence, to find for the defendant.

In *A. G. S. R. R. Co. v. Boyd*, 124 Ala. 525, 27 South. 408, it was shown, that the track of the road from the place where the cow was killed, was straight for some 300 yards in each direction, and in the course of the opinion it was said: "Persons running a train are charged with the general duty of keeping a lookout for animals and of using diligent efforts to avoid injury to them when seen in peril on or near the track. * * * In view of such duty and of the evidence respecting the character of the road as affording opportunity for avoiding the injury after the plaintiff's cow might have been seen, it cannot be affirmed that there was no evidence tending to show negligence on the part of those operating the train."

The case of *K. C., M. & B. R. R. Co. v. Henson*, 132 Ala. 532, 31 South. 590, is to the same effect. It appeared there, that the track of the road was straight for about two miles each way, and what was said in the *Boyd Case, supra*, was approved, and substantially quoted.

So, in this case, it cannot be said that there was no evidence tending to show negligence on the part of the employes running the train, and that question should have been submitted to the jury, under all the evidence.

The court erred in giving the general charge for defendant.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.