# Western Railway of Alabama v. McPherson.

## Damage to Animal.

(Decided Jan. 11, 1912. 57 South. 396.)

1. *Pleading; Amendment; Departure.*—An amendment to a complaint, in an action against a railroad for negligently killing a cow, which only varied the description of the transaction originally complained of, did not constitute a departure; the same defenses being available against the amended as against the original count.

2. *Railroads; Animals on Track; Complaint.*—A complaint which alleges that the employees of a railroad company having charge of its engine, and while running the same, and acting within the scope of their authority, did so recklessly, carelessly and negligently operate it as to strike and injure plaintiff's cow, sufficiently alleged the negligence of the engineer and stated a cause of action.

3. *Same; Burden of Proof; Instructions.*—Where the action was against a railroad company for killing a cow, a charge asserting that to cast on the defendant the burden of disproving the negligence charged, the plaintiff must not only show the infliction of injury, but that it occurred at a public road crossing, a railroad crossing or the regular station or stopping place in a village or city, was properly refused; since section 5474 and 5476 require a railroad company injuring an animal at the crossing of another railroad, and at certain other places to negative its negligence.

4. *Charge of Court; Applicability to Evidence.*—Where the evidence did not raise any such hypothesis, a charge based on the hypothesis of the failure of the engineer to see the cow on the track was properly refused as not applicable to the evidence.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by N. B. McPherson against the Western Railway of Alabama for damages to a cow. Judgment for plaintiff and defendant appeals. Affirmed.

Count 1 of the complaint as originally filed is as follows: "Plaintiff claims of the defendant, which is a corporation organized under the laws of Alabama, and doing business in Chambers county, in said state, the sum of $50 as damages, for that heretofore, on, to wit,

on and prior to January 1, 1902, defendant was engaged in the operation by steam of a railway between the cities of West Point, Ga. and Montgomery, Ala., and that its engineer, to wit, W. B. Rast, who was in charge of their engine, *did not keep a proper lookout, and did not ring the bell or blow the whistle, or did* so recklessly, *rapidly,* carelessly, and negligently operate its engine as to knock from the defendant's track on or about January 2, 1903, within or near the corporate limits of Lanett, Ala., in said county, *within one-fourth mile of a public road crossing,* one milk cow, belonging to the plaintiff, and injured said cow to the extent of the value of $50. Wherefore plaintiff sues. That defendant failed to notify plaintiff within 24 hours after said cow was struck by its engine, and failed to notify the nearest justice of the peace, but that one A. T. Hobbs, who was in the employ of the plaintiff, came along next day after said cow was struck, with his hands, all of whom were in the employ of defendant, and in charge of this part of defendant's track, and without plaintiff's knowledge or consent did kill, then and there, with a large hammer, said cow, without saving her hide, which was worth about $2." The amendment to the complaint consisted in striking out the italicized words. The second count sufficiently appears from the opinion.

The charge set out in the third assignment of error is as follows: "To cast the burden on defendant of disproving negligence charged in the complaint, the plaintiff must have shown, not only that the defendant inflicted the injury, but that it occurred at or near a public road crossing, the crossing of the railroad, the regular station or stopping place, or in a village, town, or city." The charge set out in the fourth assignment is as follows: "If the jury believe from the evidence that the engineer of the defendant was at his post, and in the

discharge of his duty, and was keeping a proper lookout for animals on or in close proximity to the track, and that the train was properly equipped, and that he was exercising that degree of diligence which very prudent persons observe in the conduct of their own business, then simply because he failed to see the cow while it was on the right of way does not make the defendant liable for damages for the accident."

GEORGE P. HARRISON, R. E. STEINER, and E. M. OLIver, for appellant. Recklessly and negligently does not mean any more than negligently.—*R. R. Co. v. Sampson*, 112 Ala. 425; *Staunton v. L. & N.*, 91 Ala. 385; *W. Ry. v. Lazarus*, 88 Ala. 456; *W. Ry. v. Sistrunk*, 85 Ala. 357. On these authorities, it is insisted that the complaint was demurrable not only as not stating a cause of action, but as being a departure from the original suit. The charge refused to defendant should have been given.—*W. Ry. v. McPherson*, 146 Ala. 429; *C. of G. v. Turner*, 145 Ala. 441; *A. G. S. v. Boaz*, 124 Ala. 525.

BARNES & DENSON, for appellee. Counsel discuss the several assignments of error, but without citation of authority.

WALKER, P. J.—There is nothing in the averments of the amended first count of the complaint, which were descriptive of the transaction complained of, to indicate or suggest that they did anything more than vary the description of the transaction originally counted on. That amended count was not subject to any objection which might have been available to the defendant on that account if it had constituted a departure from the original complaint.—*Kansas City, Memphis & Birmingham R. Co. v. Cobb,* 102 Ala. 356, 14 South.

[Western Railway of Alabama v. McPherson.]

763; *Louisville & Nashville R. Co. v. Woods,* 105 Ala. 561, 17 South. 41.

That count of the complaint, in alleging that the employee of the defendant who had charge of its engine, while running said engine and acting within the scope of his authority, did "so recklessly, carelessly, and negligently operate its said engine as to strike and knock from defendant's track" the plaintiff's cow, and "injured said cow to the extent of $50," sufficiently showed that the alleged negligence of the engineer in the operation of the engine caused or contributed to the injury complained of.—*Western Ry. Co. v. Lazarus,* 88 Ala. 453, 6 South. 877; *Western Ry. of Ala. v. McPherson,* 146 Ala. 427, 40 South. 934; *Curry v. Southern Ry. Co.,* 148 Ala. 57, 42 South. 447. The court was not in error in overruling the demurrer to the complaint as amended.

In the charge referred to in the third assignment of error, the defendant undertook to enumerate the places at which the infliction of damage to person or property by a railroad company casts upon it the burden of disproving negligence, and asserted as a proposition of law that, to cast on the defendant the burden of disproving the negligence charged in the complaint, the plaintiff must have shown, not only that the defendant inflicted the injury, but that it occurred at one of the places mentioned in the charge. If the injury complained of occurred where "the tracks of two railroads cross each other at grade," the statute expressly casts upon a defendant railroad company, which is sought to be charged with liability for injury to person or property shown to have been inflicted at such a place, the burden of proving a compliance with its requirements applicable to that situation.—Code 107, §§ 5474, 5476. Such a place was not included in the enumeration made

in the charge in question. In this respect it omitted a material feature of the charge on the same subject, which was approved on a former appeal in this case.— *Western Ry. Co. v. McPherson,* 146 Ala. 427, 40 South. 934. The words "the crossing of a railroad," in the connection in which they are found in the charge now under review, immediately following, as they do, the words, "at or near a public road crossing," suggest that the only purpose of their use was to qualify the last-quoted expression, so as to make the expression as a whole describe only a crossing of a railroad by a public road, with the result that the charge as a whole is to be understood as omitting any mention of a crossing of two railroads. Certainly the language of that charge was not such as to inform the jury that the occurrence of an injury at a place where "the tracks of two railroads cross each other at grade" casts on the railroad company inflicting the injury the burden of proving anything in order to relieve itself of liability because of such injury. Under the charge as requested, though the plaintiff proved that the injury complained of was inflicted by the defendant's engine at a place where its track crossed that of another railroad at grade, that proof would not cast on the defendant the burden of disproving the negligence involved in a disregard of the precaution which the statute requires to be observed at such a place. A charge involving such a proposition cannot be reconciled with the statutory rule as to the burden of proof applicable in such a case.—Code, § 5476. Whether it was abstract or not, the refusal of that charge was justifiable because it asserted, or necessarily involved, a proposition which is not the law.

The charge referred to in the fourth assignment of error hypothesized the failure of the engineer to see the cow while it was on the right of way. The bill of excep-

tions, which, as to most of the evidence, merely stated its tendencies, does not show that there was any evidence tending to show that such was the fact. This charge was properly refused because it involved the hypothesis of the existence of a state of fact which, so far as is indicated or suggested by the bill of exceptions, there was no evidence tending to prove.

Affirmed.