(92 South. 552)

## CENTRAL OF GEORGIA RY. CO. v. VAUGHAN. (6 Div. 638.)

(Supreme Court of Alabama. April 27, 1922.)

1. **Railroads ⟾441(3)—Burden of issue of negligence as to animal on railroad.**

The finding of plaintiff's cow within 25 feet of defendant's track and within 250 yards of a public road crossing in an injured condition made out a prima facie case for plaintiff and imposed upon defendant the burden of acquitting itself of negligence.

2. **Railroads ⟾446(10)—Negligence as to animal held for jury.**

In an action for injuries to a cow found lying 25 feet from the track and within 250 yards of a station located at a public road crossing, where there was evidence that the engineer of defendant's train failed to ring the bell or blow the whistle as required by Code 1907, § 5473, held, that the case was for the jury.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by J. P. Vaughan against the Central of Georgia Railway Company for damages for killing a cow. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Appellee brought this suit to recover damages for injuries to his cow that was struck by a train of appellant on July 30, 1920.

Plaintiff's testimony tended to show the cow was struck by a train on defendant's road, about 5 o'clock in the afternoon of July 30, 1920, and by a train coming from Birmingham running east toward Columbus; that he had gone for his cow and found her lying down within 25 feet of the track; that the station McCombs is right at the public road crossing, and the cow was lying within 250 yards of the station; that he heard the whistle blow as it blows for the stock, and he got there "just a little bit after the train run." The cow was badly injured in the side and head. The evidence for the defendant, by its engineer, tended to show he struck a cow about 11 o'clock in the morning, about July 30, 1920, by the train going from Columbus to Birmingham; could not see the cow in time to avoid striking her, and did all possible to avoid same. The engineer further testified he did not blow the whistle as he did not have time.

Defendant's request for the affirmative charge was refused. There was verdict and judgment for the plaintiff, from which defendant prosecutes this appeal.

Nesbit & Sadler and J. M. Gillespy, Jr., both of Birmingham, for appellant.

The court erred in refusing the affirmative charge as to the amended count. 192

Ala. 354, 68 South. 291; 13 Ala. App. 510, 69 South. 304; 16 Ala. App. 569, 80 South. 143; 109 Ala. 128, 19 South. 519; 145 Ala. 432, 40 South. 512; 192 Ala. 486, 68 South. 815. The court erred in refusing to direct a verdict for the defendant. 14 Ala. App. 288, 69 South. 993; 85 Ala. 481, 5 South. 173; 153 Ala. 139, 44 South. 962, 14 L. R. A. (N. S.) 261.

Gibson & Davis, of Birmingham, for appellee.

The judgment of the lower court should be affirmed, on the authority of 145 Ala. 443, 40 South. 355.

GARDNER, J. [1, 2] The evidence in this case was sufficient from which the jury could reasonably infer the plaintiff's cow was struck by defendant's engine within one-quarter of a mile of the public road crossing at McCombs station. This made out a prima facie case for the plaintiff, imposing upon defendant the burden of acquitting itself of negligence. Cent. of Ga. Ry. Co. v. Turner, 145 Ala. 441, 40 South. 355. The jury could also reasonably infer from the evidence that the engineer failed to comply with the requirements of section 5473 of the Code of 1907, as to ringing the bell and blowing the whistle. Indeed, the evidence leaves it uncertain that the engineer was testifying to the same occurrence as the plaintiff, as this evidence is diametrically opposed both as to time of the injury and the direction in which the train was running at the time the cow was injured. It was a jury case, and the affirmative charge was properly refused.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.