# Louisville & Nashville Railroad Co. *v.* Hawkins.

*Action by Brakeman against Railroad Company, for Damages on account of Personal Injuries.*

| 92 | 241 |
|----|-----|
| 94 | 215 |
| 94 | 439 |
| 94 | 551 |
| 92 | 241 |
| 97 | 245 |
| 92 | 241 |
| 100 | 195 |
| 92 | 241 |
| 106 | 631 |
| 109 | 133 |
| 92 | 241 |
| 111 | 288 |
| 113 | 366 |
| 113 | 516 |
| 92 | 241 |
| 130 | 470 |
| 92 | 241 |
| 137 | 255 |
| 92 | 241 |
| 141 | 214 |
| 92 | 241 |
| 144 | 165 |
| 144 | 212 |

1. *Averments of negligence, in matter of defective machinery.*—In a statutory action against the employer, for injuries suffered by an employe from defects in the machinery (Code, § 2590), while facts must be averred showing that the defect causing the injury was within the statutory limitations, the facts to be averred are but little more than the mere conclusions of the pleader, and no greater particularity of statement is required than in other cases founded on negligence; and where it is averred that the defect *arose* from the defendant's negligence, it is not necessary to aver also how long it had existed' nor that it had not been discovered and remedied owing to defendant's negligence.

2. *Contributory negligence in violation of rule; averment of knowledge.* A plea which sets up contributory negligence on the part of the plaintiff, averring that he was injured while acting in violation of a "rule" which the defendant had adopted and promulgated," is subject to demurrer, unless it also avers that plaintiff had knowledge or notice of such rule.

3. *Knowledge of defect by employee.*—A plea which avers that the plaintiff "knew, or, by the use of ordinary care, *could have known* of said defect," is demurrable, when the employé was not chargeable with the duty of examining the machinery.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was by the appellee, James B. Hawkins, against the appellant corporation, and sought to recover damages for personal injuries, alleged to have been sustained by reason of the negligence of the defendant. The complaint was drawn under sub-division 1 of section 2590 of the Code, and as amended, substantially alleged as follows: That plaintiff, while in the employment of the defendant as brakeman, "and acting under orders and directions of the defendant, was pulling a pin to uncouple the engine from the cars, and the drawhead ran back under the cars, and severely mashed and bruised plaintiff's fingers and hand, whereby he suffered great pain of body and mind; . . . that said injury was caused by defective machinery in said cars, in this: that the spring on the tail-rod was broken, weakened, and out of repair which ran the draw-head back under the car, so that plaintiff's fingers and hand were caught and mashed; and plaintiff avers that said

16

[Louisville & Nashville Railroad Co. v. Hawkins.]

defect in said machinery was not known to him, but that same was known to defendant's agents and servants in the service of the defendant, and intrusted by defendant with the duty of seeing that the ways, works, machinery and plant of the defendant were in proper condition."

The defendant demurred to this amended complaint, and assigned the following grounds of demurrer : 1st, there was no allegation in the complaint that the defect in the machinery arose, and had not been remedied owing to the negligence of the defendant, or some person in the employment of the defendant, intrusted by it with the duty of seeing that its machinery was in proper condition; 2d, there was no averment of fact to show that the alleged defect of said car existed at the time the train was sent out; 3d, it is not alleged that the said defect could not have been known by the plaintiff prior to his injury by the exercise of ordinary care; 4th, it is not shown with sufficient clearness that the alleged defective machinery caused the injury; 5th, it is not alleged that the defective machinery proximately caused the alleged injury; 6th, there was no allegation of facts to show that the defendant failed to perform any duty it owed the plaintiff." Each ground of this demurrer was overruled.

The defendant pleaded, by the first and second pleas, the general issue. The third plea is copied in the opinion. The fourth plea is as follows : "4. The defendant, for further answer to the complaint says that the plaintiff knew of the alleged defective machinery of said car, or could have known of it by the exercise of ordinary care, and that he did not report the same to defendant, or to some one superior to him in the service of defendant prior to his alleged injury. And plaintiff was not aware that defendant or any one in the service of defendant and superior to him in such service knew of such defect." The plaintiff demurred to the 3d and 4th pleas, and assigned as grounds of the demurrer to the 3d plea, that it was not shown by the allegations thereof that plaintiff had any knowledge or notice of the rules of the defendant referred to therein; and to the 4th plea, that the facts therein set out were no defense to this action.

The demurrers to the 3d and 4th pleas were sustained. There was judgment for the plaintiff. This appeal is prosecuted by the defendant, and only the rulings of the lower court upon the pleadings are assigned as error.

HEWITT, WALKER & PORTER, for appellant.—The defendant's demurrer to the amended complaint should have been sustained, for the averments therein are mere conclusions of law.

*C. & W. R. R. Co. v. Bradford*, 86 Ala. 574; *Hotis v. N. Y. &c. R. R. Co.*, 6 N. Y. 605; 5 Hun. 634; Tyler's Stephens on Pleadings, p. 333. The demurrer to the third plea should not have been sustained, because (1) it was not incumbent on the defendant to allege plaintiff's knowledge of the rule, as it had been adopted and promulgated.—*Pinkerton v. R. R. Co.*, 1 S. W. Rep. 805; *Langdon v. R. R. Co.*, 1 Am. & Eng. R. R. Cases, 87; *Britton v. Air Line Co.*, 18 Am. & Eng. R. R. Cases, 391; *McRae v. R. R. Co.*, 88 N. C. 526; *R. R. Co. v. Miles*, 13 Am. & Eng. R. R. Cases, 10; *R. R. Co. v. Gants*, 34 Am. & Eng. R. R. Cases, 290; *R. R. Co. v. Watts*, 22 Id. 277; *Fay v. R. R. Co.*, 11 Id. 193; *Abel v. Canal Co.*, 28 Id. 498; McKinney on Fellow Servants, p. 62; Wood's Master & Serv., 419; Stephens' Pl., pp. 315, 328. (2.) If plaintiff had no notice, it was matter for reply.—*Langdon v. R. R. Co.*, 1 Am. & Eng. R. R. Cases, 127; *Pinkerton v. R. R. Co.*, 1 S. W. Rep. 805; Stephens on Pl., pp. 315, 328; Woods on Master & Serv., 419. The fourth plea was a good defense, and the court erred in sustaining the demurrer thereto.—*C. & W. R. R. Co. v. Bradford*, 86 Ala. 574; *M. & B. R. R. Co. v. Holborn*, 84 Ala. 33; *R. R. Co. v. McCormick*, 74 Ind. 444; *R. R. Co. v. Orr*, 91 Ala. 548; *Waldheim v. R. R. Co.*, 87 Mo. 37; *Drolin v. R. R. Co.*, 28 Am. & Eng. R. R. Cases, 524; *R. R. Co. v. Frawley*, 28 Id. 308; *Bullow v. R. R. Co.*, 5 Id. 480; *Rummell v. Delworth*, 2 Atl. Rep. 355; *R. R. Co. v. Emmert*, 3 S. E. Rep. 145; *R. R. Co. v. Bragonier*, 7 N. E. Rep. 688; *Gibson v. R. R. Co.*, 46 N. W. Rep. 163; Beach on Contributory Neg., §§ 135, 139.

A. O. LANE, and E. T. TALIAFERRO, *contra.*—The demurrers to the 3d and 4th pleas were properly sustained.—*Fay v. R. R. Co.*, 11 Am. & Eng. R. R. Cases, 193; *R. R. Co. v. Jones*, 15 Id. 201; *Spong v. R. R. Co.*, 58 N. Y. 56; Wood's Master & Servant, 776-777.

McCLELLAN, J.—The complaint is drawn under clause 1 of section 2590 of the Code, and it pursues the language of that statute in charging defendant's negligence in respect of the defect which is alleged to have caused the injury. It was said in *C. & W. Railway Co. v. Bradford*, 86 Ala. 574, that in a complaint drawn under the clause in question, facts would probably have to be alleged showing that the defect arose from, or had not been discovered or remedied, owing to the negligence of the master or employer, or of some person in his service entrusted with the duty of seeing that the machinery, &c., was in proper condition. There is no reason, however,

for requiring a greater degree of particularity in the averment of negligence under this statute, than is required with respect to any other negligence counted on for a recovery of damages; and the "facts" to be alleged in either class of cases are little, if any, more than the mere conclusions of the pleader, leaving the factors which enter into and support the conclusions to be adduced in the evidence.—*Leach v. Bush*, 57 Ala. 145; *M. & M. Railway Co. v. Crenshaw*, 65 Ala. 566; *S. & N. R. R. Co. v. Bees*, 82 Ala. 340; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376; *Western Railway Co. v. Sistrunk*, 85 Ala. 352; *Western Railway Co. v. Lazarus*, 88 Ala. 453; *E. T., V. & Ga. R. R. Co. v. Watson*, 90 Ala. 41.

The present complaint alleges, *inter alia*, that the defect counted on existed before the injury was inflicted, and that it arose from or had not been discovered or remedied owing to defendant's negligence, or the negligence of some one intrusted with the duty of seeing that the machinery &c., &c., was in proper condition.   If the defect *arose* from negligence of the defendant, or negligence for which it would be responsible, it is wholly immaterial how long it had existed before the accident; a moment would suffice.   If it did not so arise, the averment that it had not been discovered or remedied owing to negligence chargeable to defendant imports that it had existed sufficiently long to have been discovered and remedied by the exercise of due care on the part of defendant, or some one charged by it in that behalf.   The complaint is sufficient, and the demurrers to it were properly overruled.

The injury complained of was received by plaintiff, who was a brakeman, while attempting to uncouple an engine from the car next to it.   Defendant's third plea sets up plaintiff's contributory negligence in answer to the complaint, as follows; "The defendant says  .  .  .   that, at and before the time of the alleged injury, defendant had adopted and promulgated a rule whereby employès of defendant were required, before attempting to make or unmake a coupling, to examine so as to know the condition of the draw-head, draw-bars and coupling apparatus, and forbidding its employès from going in between the cars to make or unmake coupling till they had taken the precaution aforesaid, and until they were satisfied it was safe to make or unmake the coupling; and defendant avers that had the plaintiff observed this rule, he would have discovered the defect of which he complains, and could have avoided the alleged injury."   A demurrer to this plea, proceeding on the ground that it did not aver that the plaintiff had knowledge or notice of the rule relied on therein, was sustained; and that action of the trial court is assigned as error.

[Louisville & Nashville Railroad Co. v. Hawkins.]

There are not a few expressions in our decisions which assume the true doctrine in this connection to be that contributory negligence of an employè can not be predicated of conduct violative of an adopted and promulgated rule of the employer, and on the ground only of such violation, unless the employè, as matter of fact, knew or had notice of such rule. These expressions are to be found in the following cases. *Ga. Pa. Rwy. Co. v. Propst*, 83 Ala. 518: *Pryor v. L. & N. R. R. Co.*, 90 Ala. 32; *L. & N. R. R. Co. v. Watson*, 90 Ala. 68; *Hissong v. R. & D. R. R. Co.*, 91 Ala. 514; 8 So. Rep. 776. The question was not directly presented and squarely decided, however, in any of these cases, unless it be that of *Ga. Pac. R. R. v. Propst*, 83 Ala. 518. But in the case of *L. & N. R. R. Co. v. Perry*, 87 Ala. 392, it was fairly presented and directly ruled upon, involving indeed the fate of the case in this court. In that case the following charge was requested by the defendant and refused: "The regulation forbidding brakemen to make a coupling without the use of a coupling stick is a reasonable and proper regulation; and if the jury believe that at and before the happening of the injury complained of in this case, there was in force and duly promulgated a regulation of said railroad company, forbidding brakemen to make a coupling without the use of a coupling stick, then the jury might find for the defendant, unless they also find that such injuries were caused by the wanton or intentional act of the defendant or its servants, or by such recklessness as amounts to indifference to plaintiff's safety." The Court by SOMERVILLE, J., in considering this and two succeeding charges which involved the same imputation of negligence to the plaintiff from his violation of an *adopted and promulgated* rule of the employer, declared that "the other three charges requested by the defendant withdrew from the jury all inquiry as to plaintiff's knowledge or notice of the existence of the rule forbidding the coupling of cars without the use of a stick. In the absence of this element of fact, the question of negligence *vel non* was properly left to the jury.—*Ga. Pac. R'w. Co. v. Propst*, 83 Ala. 518, 521." It thus appears to be the settled doctrine in this State, that the adoption and promulgation by the employer of a rule for the guidance of the employè does not charge the latter with a knowledge thereof, so as to impute negligence to him with respect to conduct in violation of it, but that to such end it is essential that knowledge of its existence and provisions must be brought home to him. In other jurisdictions, we have found no adjudication directly opposed to this view, but one which militates against it (*Alexander v. L. & N. R. R. Co.*, 83 Ky. 590), and quite a number which

directly support it.— *Wolsey v. Lake Shore R. R. Co.*, 33 Ohio St. 227; *Pilkinton v. Gulf R'w. Co.*, 70 Tex. 226; *Covey v. H. & St. J. R'w. Co.* 27 Mo. Aff. 170; *Atchinson R'w. Co. v. Plunkett*, 27 Kan. 188; s. c. 2 Am. & Eng. R. R. Cas. 127; *Sprong v. B. & A. R'w. Co.*, 58 N. Y. 56; *Leese v. N. P. R'w. Co.*, 39 Fed. Rep. 487; and this doctrine is affirmed by text-writers. 14 Am & Eng. Ency. of Law, pp. 908–9; Wood Mast. & Ser't., § 401. We are satisfied of its correctness, and adhere to and reaffirm it. The plea was open to the objection taken by the demurrer. The mere violation of an adopted and promulgated rule, resulting in the injury complained of, is not of itself contributory negligence which will defeat a recovery; the employè must have known of the rule. Without averment of his knowledge the plea presents no defense to the action. The demurrer to it was properly sustained.

The 4th plea is bad in that it denies a right of recovery, if the employè knew *or could, by the exercise of ordinary care, have known of the defect*, &c., &c. That is not the law. It is the duty of the employer to furnish reasonably safe appliances. The employè may assume that the appliances so furnished are free from defects. The statute, under which this suit is prosecuted, itself is decisive of this question. It provides for non-liability of the employer, so far as this point is concerned, when the servant or employè *knew*—not when he might or should have known—of the defect or negligence causing the injury, and failed to give information thereof, &c., &c.—Code, §2590.

We find no error in the record and the judgment is affirmed.