# Curry *v.* Southern Railway Company.

*Action for Damages for Killing a Hog.*

(Decided Nov. 15th, 1906.　42 So. Rep. 447.)

1. *Railroad; Negligence; Proximate Cause; Pleading.*—A complaint alleging that defendant's engine killed plaintiff's hog by reason of the negligence of defendant in permitting its right of way to grow up in briars and bushes which concealed the hog from view of the engineer, until it approached so near the track, that the engineer could not stop in time to prevent the killing, sufficiently alleges the negligence as a proximate cause of the injury.

2. *Limitations of Actions; Pleadings.*—In an action at law the defense of the statute of limitations must be pleaded; it cannot be raised by demurrer.

3. *Same; Amendment of Pleading.*—An amendment which is merely a different statement of the same cause of action presented by the original complaint, relates back to the filing of the original complaint, so far as the statute of limitations is concerned.

4. *Pleading; Departure; Demurrers.*—That the amended count constitutes a departure from the original cause of action, cannot be taken advantage of by demurrer.

5. *Railroads; Killing Stock; Negligence.*—A complaint alleging facts set forth in the first headnote hereof states a cause of action.

APPEAL from Hale Circuit Court.

Heard before HON. JOHN MOORE.

[Curry v. Southern Railway Company.]

This is an action begun by M. Curry as administrator against the Southern Railway Company, claiming damages for killing a hog, the property of intestate. The court sustained demurrers to counts 4 and B, as amended, and from this action of the court this appeal is prosecuted. The pleadings are sufficiently set out in the opinion.

THOMAS E. KNIGHT, and P. A. TUTWILER, for appellant.—When the former appeal in this case (133 Ala. 482) was reversed by this court the entire judgment in the circuit court was annulled and vacated.—*Fountain, et al. v. Lee*, 6 Ala. 889. The statute of limitations must be pleaded in an action at law and cannot be raised by demurrer.—*McCreary v. Jones*, 96 Ala. 592; *Hess v. Central Ry. Co.*, 66 Ala. 473. In any event, the amendments related back to the filing of the original complaint.—*Illinois Car and Equippment Company v. Walsh*, 132 Ala. 490; 111 Ala. 248; 121 Ala. 329; 125 Ala. 199; 83 Ala. 458. There was no question of election in this case. Plaintiff had a right to file a complaint averring matters of negligence, although the complaint in the justice court was silent on that point.—*Simpson v. M. & C. R. R. Co.*, 66 Ala. 85; *Littleton v. Clayton*, 77 Ala. 571.

A. M. TUNSTALL, and PETTUS, JEFFRIES & PARTRIDGE, for appellee.—No brief came to the reporter.

WEAKLEY, C. J.—In disposing of this case it will be sufficient to deal with those assignments of error which complain of the sustaining of the demurrers to amended count 4 and count B as last amended, which counts had been filed and amended by leave of the court. We have not been favored with a brief for appellee, and hence are not advised as to which grounds of the demurrers induced the judgment of the court, nor which are specially relied on to support the judgment sustaining the demurrers.

Count 4, as amended, claims damages for the killing of a hog of the plaintiff by an engine of the defendant, which killing, the count avers, occurred "by reason of

the negligence of the defendant in permitting and sufferings its right of way to grow up" in bushes, briars, and weeds, which ocncealed the hog from the view of the engineer until it approached so near the track that the engineer could not check the train in time to prevent the killing. Count B proceeds upon the same theory, but with more elaboration and particularlity of detail. The only grounds of demurrer we need note are the following: (1) That the count was a departure; (2) that it appeared to be barred by the statute of limitations of one year; (3) that it is not shown that the negligence charged contributed to the killing or was the proximate cause thereof, nor is causal connection between the negligence and the killing averred; (4) that the count sets up no cause of action. We will briefly consider these objections in inverse order.

The fourth ground above stated was merely a general demurrer. The demurrer does not controvert, but rather assumes, that it was negligence on the part of the defendant to allow its right of way to grow up with weeds, etc., as alleged, but asserts a want of an appropriate averment of the causal connection between the negligence and the injury. Although the count does not employ the word "proximately," nor allege in so many words that the negligence contributed to the killing, yet it does allege that the hog was killed by reason of the negligence of the defendant in the manner specified. This was sufficient. Counts have been many times approved by this court which were no more specific than this one, and which did no more than aver that an injury was caused by, or that it occurred by reason of, the negligence complained of. This is treated as the equivalent of an averment that the injury was proximately caused by the negligence.—*L. & N. R. R. Co. v. Hawkins*, 92 Ala. 241, 9 South. 271; *Armstrong v. Montgomery S. Ry. Co.*, 123 Ala. 233, 26 South. 349, and cases there cited.

The defense of the statute of limitations, if it exists, should be made by plea, and not by demurrer, in courts of law.—*Huss v. Central R. & B. Co.*, 66 Ala. 472; *McCreary v. Jones*, 96 Ala. 592, 11 South. 600. If we may treat the date of the killing set forth in count 4 as the

true date of the accident, and compare this with the date of the filing of the count, it will appear the count was filed within a year from the injury and count B, being but a different statement of the cause of action presented by count 4, would in respect of the statute of limitations relate back to the filing of the latter count.—*Illinois Car & Equipment Co. v. Walch,* 132 Ala. 495, 31 South. 470.

The defendant objected to the filing of the counts, because they constituted departures from the original cause of action, and the objection was overruled. It is obvious, therefore, that the same ground of objection did not induce the court to render the judgment sustaining the demurrers. We do not perceive that the counts did constitute a departure from the cause or form of action as it was instituted before the justice of the peace. Moreover, the objection is not one that may be raised by demurrer.—*L. & N. R. R. Co. v. Barker,* 96 Ala. 435, 11 South. 453; *Freeman v. Speegle,* 83 Ala. 191, 3 South. 620. We are of opinion the court erred in sustaining the demurrers to counts 4 and B as amended. The case of *Choate v. Southern Ry. Co.,* 119 Ala. 611, 24 South. 373, is unlike this. There the rulings of the lower court "excluding proposed evidence to the effect that defendant had allowed its right of way to grow up in briars, bushes, and the like as to obscure cattle near to and approaching the track from observation of trainmen," and declining to give instructions bearing upon that matter, were sustained upon the ground that the condition of the right of way was not within the issue presented by the complaint, which counted merely upon the negligent running or operation of the train.

This is the second appeal in this case; the decision on the former appeal being reported sub nom.—*Evans v. Southern Ry. Co.,* 133 Ala. 482, 32 South. 138. Upon the remandment of the cause the objection of misjoinder was obviated by amendment.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ. concur.