PERRY B. MILLER, an Infant, by FRANK P. MILLER, His Guardian ad Litem, Appellant, *v.* INTERNATIONAL HARVESTER COMPANY OF NEW JERSEY, Respondent.

Fourth Department, July 6, 1920.

Sales — negligence — agreement of seller to instruct employee of purchaser in use of farm tractor — injury caused by failure to give proper instructions — when employee may recover against seller — liability for misfeasance.

The manufacturer of a farm tractor, who, upon the sale thereof, agrees with the purchaser to instruct his hired man how to operate the same, and in pursuance of such agreement does give instructions, is liable, in an action for negligence, to such hired man who is injured because of negligence in giving such instructions.

Although there is no direct contractual relation between the seller of such machine and the employee of the purchaser, the contract with the employer to instruct such employee is properly pleaded to show the relationship existing between the parties, and the latter may recover for injuries caused by a failure to give proper instructions if in fact the seller does assume to give instructions.

There is a distinction between liability for misfeasance and lack of liability for nonfeasance.

APPEAL by the plaintiff, Perry B. Miller, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 19th day of January, 1920, denying plaintiff's motion for judgment on the pleadings and sustaining defendant's demurrer to the complaint and directing that the defendant have judgment on the pleadings, dismissing the complaint, with costs, and also from the judgment dismissing plaintiff's complaint entered on said order in said clerk's office on the same day.

*Putney, Twombly & Putney* [*Lemuel Skidmore, Jr.,* of counsel], for the appellant.

*Underwood, Storke, Seward & Elder* [*Frederic E. Storke* of counsel], for the respondent.

HUBBS, J.:

The complaint in this action alleges that the plaintiff is an infant more than eighteen years of age; that he was employed by one Garlock as a farm helper; that defendant is a corporation engaged in manufacturing kerosene oil tractors; that the defendant sold and delivered to Garlock a tractor; that the defendant, at or about the time of the sale of the tractor, agreed with Garlock " to teach and did teach and instruct the plaintiff herein as employee of said Garlock in the operation of said tractor for the purpose of enabling the plaintiff to operate said tractor as employee of said Garlock upon the farm of said Garlock; " that upon the tractor there was a certain exposed unguarded part which if touched while the motor was running would set the tractor in motion; that there was a locking device thereon which would prevent the starting of the tractor if said exposed part was touched; that the defendant in teaching the plaintiff failed to inform him that if he touched said part it would start the tractor and failed to inform him about the locking device; and that the plaintiff while working touched said exposed part with his foot, the tractor started and his left foot was so crushed that it had to be removed. The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The Special Term sustained the demurrer.

We think the complaint states a cause of action. The question is whether or not the manufacturer of a tractor who agrees upon the sale thereof with the purchaser to instruct his hired man how to operate the same, and in pursuance of such agreement does give instructions is liable, in an action for negligence, to such hired man who is injured because of negligence in giving such instruction.

We are bound, in passing upon this demurrer, to take the statements of the complaint as true. We will assume that if there had been no agreement to instruct the plaintiff and no

attempt to instruct him, there would be no liability. We will exclude the rule applicable in some cases to the sale of dangerous instrumentalities.

Does the sale of a tractor, with an agreement with the purchaser to teach an infant helper how to operate it, when the seller enters upon the work of teaching the helper in pursuance of the agreement, bring the seller and the servant into such relation as to make the seller liable to the servant of the purchaser for negligence in the performance of the work of teaching?

It is urged by the respondent that there was no contractual relation between the plaintiff and the defendant; that the agreement to teach the plaintiff was not made with the plaintiff or for his benefit, but that it was an agreement between the defendant, the seller, and the plaintiff's master, the purchaser. Our attention is called to the rule that there cannot be negligence without duty and that there is no duty without privity; that there was no privity between the plaintiff and the defendant, and that the defendant did not owe the plaintiff any duty; that it had no contract with him or for his benefit. It is urged that it was the duty of the plaintiff's master to instruct him and that the plaintiff could not have maintained an action against the defendant for failure to instruct him.

It is doubtless true that where a cause of action arises out of a breach of duty created by a contract there must be privity of contract between the person bringing the action and the defendant. There are, of course, well-established exceptions to this rule. (29 Cyc. 478.)

There are cases where the law imposes duties in addition to those created by express contract. In those cases " liability for negligence rests on the principle that if a person undertakes to do an act or discharge a duty by which the conduct of another party may be properly regulated and governed, he is bound to perform it in such manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of his negligence." (29 Cyc. 426; Whart. Neg. [2d ed.] § 437.)

In *Wallace* v. *Casey Co.* (132 App. Div. 40) Mr. Justice MILLER said: " Ever since the leading case of *Coggs* v. *Bernard* (2 Ld. Raym. 909) [Smith L. C. 354] one undertaking gratui-

tously to discharge a duty has been held accountable for the manner of its discharge."

In *Wittenberg* v. *Seitz* (8 App. Div. 441) Mr. Justice ADAMS said: " There was no contractual relation existing between these parties, and, therefore, the liability of the defendant for the injuries received by the plaintiff, if any exists, results from his failure to observe the obligation which the law imposes upon a party engaged in the prosecution of any work, of performing the same in such a manner as not to endanger the lives or persons of other parties. This is a very well-settled principle, and it is applicable to all cases where a person is engaged in the performance of work which, without the exercise of a reasonable degree of care and prevision, may be attended with risk and danger to others."

Ever since the case of *Thorne* v. *Deas* (4 Johns. 84), in which Chief Justice KENT clearly pointed out the distinction between liability for misfeasance, and lack of liability for non-feasance, that distinction has been recognized and followed by the courts of this State.

In *Smedes* v. *Bank of Utica* (20 Johns. 372) the court said: " There is a well settled distinction between actions *for nonfeasance and for misfeasance.* When one party intrusts the performance of a business to another, who, without consideration, undertakes, but wholly omits to do it, no action lies, notwithstanding the plaintiff may have sustained special damages; but if the party enters upon the execution of the business, and does it amiss, through the want of due care, by which damage ensues to the other party, an action will lie for the misfeasance." (See, also, *Nolton* v. *Western Railroad Corporation,* 15 N. Y. 444; *Pennsylvania Steel Co.* v. *Elmore & Hamilton Contracting Co.,* 175 Fed. Rep. 176; *Pittsfield Cotton Wear Mfg. Co.* v. *Pittsfield Shoe Co.,* 71 N. H. 522; 60 L. R. A. 116; *Atteboro Mfg. Co.* v. *Frankfort Marine, etc., Ins. Co.,* 240 Fed. Rep. 573; *Cox* v. *Mason,* 89 App. Div. 219; *Condon* v. *Exton-Hall Brokerage & Vessel Agency,* 80 Misc. Rep. 369.)

The plaintiff does not seek to recover damages for the breach of the contract between the defendant and Garlock, the plaintiff's master, and that contract is not set out in the complaint for the purpose of showing that it has been broken by the defendant. It was properly set out for the purpose of

showing the relationship existing between the parties, for the defendant's duty to the plaintiff arose out of the relations existing between them. (*Garland* v. *B. & M. R. Co.*, 76 N. H. 556; 46 L. R. A. [N. S.] 338; *Atteboro Mfg. Co.* v. *Frankfort Marine, etc., Ins. Co., supra.*)

We think that the allegations of the complaint state a cause of action. The order and the judgment sustaining the demurrer should be reversed, with ten dollars costs.

All concur.

Order and judgment reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to the defendant to plead over within twenty days upon payment of costs of the motion and of this appeal.