MARGARET MILLER, as Administratrix, etc., of LEO WILLIAM MILLER, Deceased, Respondent, v. THE CITY OF ROCHESTER, Appellant.

Fourth Department, May 11, 1921.

**Municipal corporations — action for death of employee of contractor while working on pole on city's property — city not bound to furnish safe place to work — direction by agent of city to take pole down and failure to advise decedent of its insecurity as making city liable.**

In an action to recover for the death of an employee of a contractor engaged in reconstructing an electric power line on the property of the defendant, a municipal corporation, it appeared that the contractor was directed by the superintendent of the defendant's disposal plant to make use of the pole in question and that while the decedent was on the pole preparing it for removal, it fell causing the injuries which resulted in his death. *Held*, that the defendant did not owe any duty to the decedent to furnish him a safe place to work and that it was error for the court so to charge.

However, if the defendant's superintendent represented it in what he did and acted within the scope of his authority in directing the decedent's employer to remove the pole and failed to notify said employer or the decedent that the pole was unsafe and insecure, knowing that it was in a dangerous situation, or having such knowledge as should have led him to investigate, then the city might be liable under the principle that where one undertakes to do something involving a dangerous situation, he must do it with reasonable care even though he is not under any contract obligation to do anything at all.

LAMBERT, J., dissents in part.

APPEAL by the defendant, The City of Rochester, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 21st day of June, 1920, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on the same day, as resettled by an order entered in said clerk's office on the 30th day of June, 1920, denying defendant's motion for a new trial made upon the minutes.

The plaintiff's intestate was an employee of the Rochester Gas and Electric Corporation whose assignor made a contract with the defendant to erect a temporary electric power line on its sewerage disposal plant and when the permanent disposal plant was completed to erect a permanent line. At the time of the accident, which occurred on the 14th day of Janu-

ary, 1919, the permanent line was being constructed. In making the change it was deemed best to straighten the line, and to accomplish that a pole had to be reset in a different location. On the day before the accident the deceased with other members of his gang began the work of stripping one of the concrete poles which carried the temporary line preparatory to changing its location, but the foreman of the gang on being informed by his superior officer that the pole belonged to the defendant discontinued work thereon. The evidence tended to show that on the next morning the defendant's superintendent of the disposal plant gave permission to use the pole and that the pole fell while the deceased was working on it, causing the injuries which resulted in his death. The evidence tended to show also that while the pole as originally set was placed in the ground deep enough to make it secure, by grading done by the defendant's superintendent the pole was in the ground a short distance only.

*Charles L. Pierce, Corporation Counsel* [*Charles B. Forsyth,* of counsel], for the appellant.

*Shedd, Morse, Pierson & Wynkoop* [*John M. Stull* and *Henry D. Shedd* of counsel], for the respondent.

HUBBS, J.:

The judgment in this case should be reversed because of the error in the judge's charge in which he stated to the jury: " It comes right back to the two propositions: Did the city assume this burden, and if the city assumed it, did it fulfill the duty which rested upon it of furnishing a safe place to work." The duty of furnishing a safe place to work did not rest upon the city, as the deceased was not a servant of the city and even if the duty did rest upon the city, it is questionable if the principle of a safe place to work, as that expression is used in the law of master and servant, applied to the situation. (*Neagle* v. *Syracuse, B. & N. Y. R. R. Co.,* 185 N. Y. 270; *Fink* v. *Slade,* 66 App. Div. 105.)

It seems to me, however, that the complaint states a cause of action against the city not as master. The complaint states that the defendant and its agents were negligent " in failing to inspect the same and in failing to give the deceased notice of the insecure, unsafe and dangerous condition, and allowing

the deceased to work and climb said pole without notice of its unsafe and dangerous condition.  That the defendant had due notice of such unsafe and dangerous condition and of the fact that work was to be done thereon by deceased and others and that the condition of said pole rendered work thereon unsafe and dangerous." If the city, through its superintendent, DeWitt, had not taken affirmative action, it would not have been liable for the injury that occurred.  There is evidence in the record, however, that DeWitt was chief engineer of the disposal plant and had charge and supervision of the plant and grounds about it, and that he had charge of the grading, and the jury might have found that in grading he had removed earth from around the base of the pole. The jury might have found, also, that it was of benefit to the city to have the contractor use the pole in question; that DeWitt, the superintendent, gave instructions to take the pole and said that it would be all right to take it, that he was in charge there and would be responsible for it.  This, with other evidence which may be offered upon a new trial, may be sufficient to establish the fact that DeWitt represented the defendant in what he did and that he acted within the scope of his authority.

Under such evidence it seems to me that there would be a question for the jury under the principle that where one undertakes to do something involving a dangerous situation he must do it with reasonable care even though he is not under any contract obligation to do anything at all.  We had that question up in this department in the case of *Miller* v. *International Harvester Co.* (193 App. Div. 258).  If DeWitt, within the scope of his authority, interfered with the work and instructed the men to use the pole in question, knowing that it was in a dangerous situation, or having such knowledge as should have led him to investigate, at least, before instructing that it be used, he brought himself within the principle laid down in that case.

All concur, except LAMBERT, J., who votes for reversal and dismissal of the complaint.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.