45 So.2d 459

## WESTON v. NATIONAL MANUFACTURERS & STORES CORPORATION.

### 1 Div. 347.

Supreme Court of Alabama.

April 6, 1950.

Scott & Porter, of Chatom, for appellant.

Chas. Hoffman, of Mobile, for appellee.

LAWSON, Justice.

This is a suit at law by Mrs. J. Morgan Weston against National Manufacturers and Stores Corporation.

The complaint contains one count. The defendant's demurrer having been sustained, the plaintiff suffered a nonsuit and has appealed, as authorized by the statute. § 819, Title 7, Code 1940.

The reporter will set out the complaint and the demurrer interposed thereto.

Several grounds of the demurrer take the point that the complaint does not allege that the agents, servants or employees of the defendant who agreed to pack and crate the toy vehicle and those who did crate it were acting within the line and scope of their employment. These grounds of the demurrer are not well taken. Such acts are not charged to the agents, servants or employees, but are charged to the defendant, acting by and through its agents, servants or employees. When it is so alleged, it is not necessary to aver the act was omitted or committed by the agents, servants, or employees while acting within the line and scope of their authority. When the defendant is charged with doing the act by its agents, servants

or employees, this shows that the act was done in the line and scope of the agents', servants' or employees' authority. Alabama Power Co. v. Conine, 207 Ala. 435, 93 So. 22; Farmers & Merchants Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406; Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813. This averment is quite different from an allegation that the act was done by defendant, its agents, servants or employees. Under such an averment it is necessary to allege that the agents, servants or employees were at the time acting in the line and scope of their employment. Alabama Power Co. v. Conine, supra.

■ As to the purchase of the toy vehicle, the complaint alleged: " * * * on or about December 10, 1947, the Defendant was engaged in the operation of a furniture store in Mobile, Alabama, wherein was sold, amongst other things, Christmas toys. On or about December 10, 1947, the aforesaid Wesley Bonds went into the Defendant's store in Mobile, Alabama, and bought from an employee of the Defendant in said store, a to-wit, 'push cart.' " While it is not expressly alleged that the purchase was made from an employee who was at the time acting within the line and scope of his employment, the language used is sufficient to justify such reasonable interpretation. In any event, we do not think the complaint was subject to demurrer for failure to so allege. The averments relating to the purchase of the toy vehicle are merely preliminary and explanatory of the circumstances upon which the plaintiff's cause of action is based.

■ In a complaint such as is under consideration here, it is not necessary to allege the names of the agents, servants or employees of defendant or that their names are unknown to the plaintiff. The grounds of demurrer pointing out the lack of such averments in the complaint are not well taken. Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370, and cases cited.

■ Several grounds of the demurrer take the point that sufficient facts are not alleged to show any duty of care owing by the defendant to the plaintiff or wherein defendant violated or breached any such duty. We do not think these grounds of demurrer were well taken.

■ It is axiomatic that to constitute actionable negligence there must be a duty to the person injured, or to a class of persons to which plaintiff belongs, and a breach of the duty, proximately resulting in the injury. Hill v. Reaves, 224 Ala. 205, 139 So. 263, and cases cited.

Appellee, defendant below, argues that the complaint in this case is based on a breach of contract; that defendant had no contract with plaintiff or for her benefit; that there was no privity between plaintiff and the defendant, and hence the complaint does not show that defendant owed plaintiff any duty of care.

■ It is broadly true that where the charge of negligence is based upon a breach of duty arising out of contractual relations, no cause of action arises in favor of one not in privity to such contract. Lovejoy v. Bessemer Waterworks Co., 146 Ala. 374, 41 So. 76, 6 L.R.A., N.S., 429, 9 Ann.Cas. 1068; Ellis v. Birmingham Water Works Co., 187 Ala. 552, 65 So. 805; Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21.

To this rule, however, there are well-recognized exceptions, some of which are discussed at length in Jones v. Gulf States Steel Co., supra.

We have held that the general rule referred to above does not apply to a situation where there is an invasion of a legal duty to the plaintiff "independently of or concurrently with the contract," though the plaintiff is not a party to the contract which is necessary to sustain the action. Macrum v. Security Trust & Savings Co., 221 Ala. 419, 129 So. 74, 76.

We have applied the last-mentioned doctrine to the manufacturers of merchandise for human consumption when, through negligence or willful conduct, it is not suitable for such purpose. The ultimate consumer was not a party to the contract and cannot sue for its breach, but may,

when intended for consumption by the public, sue in tort for the negligence of the manufacturer resulting in injury to him as the proximate result. Birmingham Chero-Cola Co. v. Clark, 205 Ala. 678, 89 So. 64, 65, 17 A.L.R. 667; Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657; Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147; Collins Baking Co. v. Savage, 227 Ala. 408, 150 So. 336.

We applied the rule of the "bottled drink" cases just above cited in the case of Macrum v. Security Trust & Savings Co., supra. Macrum was manager of a plumbing and heating company, which was a depositor in defendant bank. He, as such manager and with authority, issued a check of the company on the bank. There were sufficient funds of the company in the bank subject to the check. The bank refused to pay the check on the ground of insufficient funds. Macrum was arrested, placed in jail, and suffered other special damages set out. Macrum brought suit against the bank, not for breach of contract, but in tort arising out of contract." The trial court sustained the demurrer of the bank and Macrum took a nonsuit on account of such ruling and appealed to this court. Counsel for the bank, appellee here, seeking to sustain the ruling of the trial court, contended that the complaint showed no breach of duty to Macrum in the respect charged, but only a breach of duty to the company of which he was manager.

We reversed the judgment of the trial court, saying in part as follows:

"It would seem that the underlying principle (the basis of all actionable torts) is that one owes another the duty fixed by law not negligently or willfully or wrongfully to do an act which will probably injuriously affect him, unless there be legal justification. In respect to beverages, it is said, 'The foundation of the liability here, as elsewhere, is the superior *knowledge* of the manufacturer or seller as to the peril embodied in the article sold.' 24 R.C.L. 514.

"As applicable to the instant case, the jury may find that the banker should have had *knowledge of the peril of plaintiff individually* to sustain some nature of damage as the proximate result of the wrongful refusal to cash the check issued by the plaintiff, the manager, and in the name of his principal. Stated otherwise, could it be said to be reasonably foreseeable, or that there was reasonable danger that this plaintiff individually would sustain damage, as the proximate result of the alleged negligent, willful, or wanton wrong of the bank, though such wrong consisted of a breach of contract with the plaintiff's principal, for which such principal would have a tort action?

"Our conclusion is that the answer to the above inquiry is that it should be left to the jury on proper proof and not be determined as a matter of law whether such alleged wrong did or did not proximately injure him and constitute the basis of a tort action, when the complaint alleges that it did. The nature of the recoverable damages is not here presented, and not now considered." 221 Ala. 422, 129 So. 76.

█ Independent of the contract, the defendant owed the plaintiff the duty imposed by law to be careful not to hurt her. Southeastern Greyhound Lines v. Callahan, 244 Ala. 449, 13 So.2d 660. The plaintiff does not seek to recover damages for the breach of a contract between the defendant and Wesley Bonds, and that contract is not set out in the complaint for the purpose of showing that it has been broken by the defendant. It was properly set out for the purpose of showing the relationship existing between the parties, for the defendant's duty to the plaintiff arose out of the relations existing between them. In other words, the contract merely created the situation which gave rise to the duty.

█ We think that under the rule of Macrum v. Security Trust & Savings Co., supra, the allegations of the complaint show a duty of care owing by the defendant to the plaintiff and a breach of that duty. See the following cases from other jurisdictions: Miller v. International Harvester Co., 193 App.Div. 258, 184 N.Y.S. 91; Bickford v. Richards, 154 Mass. 163, 27

510

N.E. 1014, 26 Am.St.Rep. 224; Grandt v. Chicago, Burlington & Quincy R. Co., 195 Ill.App. 187. Also see annotations, 38 A.L.R. 487.

We come now to consider those grounds of the demurrer which, in effect, take the point that the averments of the complaint are insufficient to charge negligence on the part of the defendant.

■ Negligence has been defined as "the omission to do something which a reasonable man, guided by considerations which ordinarily regulate conduct of human affairs and concerned only with reasonable probabilities, would do, or the doing of something which he would not do." City of Birmingham v. Latham, 230 Ala. 601, 602(6), 162 So. 675, and authorities cited.

■ Negligence may be averred in a very general way, and the *quo modo* of the negligence need not be defined. Western Ry. of Alabama v. Mays, 197 Ala. 367, 72 So. 641; Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662; Birmingham Electric Co. v. Baker, 219 Ala. 324, 122 So. 316; Prudential Ins. Co. of America v. Zeidler, 233 Ala. 328, 171 So. 634.

■ If the alleged acts or omissions do not of themselves constitute negligence as a matter of law, but are sufficient to suggest and support an inference of negligence, the complaint must allege negligence, the plaintiff assuming the burden to prove negligence in the particular case. City of Birmingham v. Comer, 239 Ala. 152, 194 So. 498.

■ When a complaint for personal injuries specifies particular acts or omissions of a defendant as constituting the negligence upon which the action is founded, the complaint is insufficient on apt demurrer, *unless such acts in themselves show or suggest negligence,* and a general averment of negligence does not cure the defective specification. City Ice Delivery Co. v. Goode, 228 Ala. 648, 154 So. 775; Birmingham Ry., Light & Power Co. v. Barrett, 179 Ala. 274, 279, 60 So. 262, 263; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Levana v. Louis-

ville & N. R. Co., 228 Ala. 643, 154 So. 784.

■ But where the complaint merely states the fact and res gestae of the injury, not imputing the defendant's negligence to them, and without specifying the negligent acts or omissions relied on, a general averment that the plaintiff was injured as a proximate result of the negligence of the defendant in respect to the duty owed to the plaintiff is sufficient. Birmingham R., L. & P. Co. v. Barrett, supra; Birmingham Ry., Light & Power Co. v. Jordan, 170 Ala. 530, 54 So. 280; Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas.1916A, 543.

■ In the light of the foregoing rules we must determine whether the averments of the complaint are sufficient to charge the defendant with negligence. The pertinent averments of the complaint are as follows:

"The Plaintiff further alleges that when she opened the carton containing the said vehicle in the presence of her husband and friends; it was found that the said vehicle had been improperly packed by the Defendant, acting by and through its servants, agents or employees, in that the carton containing said vehicle was packed with cigarette butts, used envelopes and stationery on which there was tobacco spit, discarded kleenex on which there was nasal secretion and used kotex, on which there was evidence of human blood.

"The Plaintiff alleges that she was nauseated by the sight of the aforesaid filthy condition; she was humiliated in the presence of her husband and friends; that she became violently ill and has suffered mental pain and anguish; Plaintiff alleges that all of her injuries and sufferings was caused by the negligence of the Defendant, acting by and through its agents, servants or employees, in crating the aforesaid vehicle in a manner inconsistent with human dignity."

We are of the opinion that the averments of the first paragraph quoted above are sufficient to suggest and support an in-

ference of negligence. The complaint alleges negligence in the concluding paragraph. The complaint in question meets the requirements of our cases above referred to. We hold, therefore, that the grounds of the demurrer taking the point that the averments of the complaint are insufficient to charge the defendant with negligence are not well taken.

 We have discussed above all the grounds of the demurrer except one, which takes the point that the complaint fails to allege that the injury and sufferings of the plaintiff were the proximate result of the alleged negligence of the defendant. The complaint does not use the word "proximate" but does aver that "the injuries and sufferings was (sic) *caused* by the negligence of the defendant, etc." (Emphasis supplied.)

This was sufficient. In Curry v. Southern Ry. Co., 148 Ala. 57, 42 So. 447, it was said: * * * Although the count does not employ the word 'proximately,' nor allege in so many words that the negligence contributed to the killing, yet it does allege that the hog was killed by reason of the negligence of the defendant in the manner specified. This was sufficient. Counts have been many times approved by this court which were no more specific than this one, and which did no more than aver that an injury was caused by, or that it occurred by reason of, the negligence complained of. This is treated as the equivalent of an averment that the injury was proximately caused by the negligence. Louisville & N. R. R. Co. v. Hawkins, 92 Ala. 241, 9 So. 271; Armstrong v. Montgomery S. Ry. Co., 123 Ala. 233, 26 So. 349, and cases there cited." 148 Ala. 59, 42 So. 448.

We are of the opinion that the trial court erred in sustaining the demurrer, as we do not think any of the grounds were well taken. It follows that the judgment of nonsuit is reversed and the cause is remanded.

Reversed and remanded.

BROWN, FOSTER, and STAKELY, JJ., concur.