This case presents one legal question: Can a pharmacist, who is president of a corporation that is wholly owned by his wife, maintain a damages action in tort for the negligent failure of an advertising company to list an advertisement for the corporation in a local telephone directory? We hold that he cannot, and we affirm the trial court's partial summary judgment in favor of the advertising company. We distinguishMorgan v. South Central Bell Telephone Co., 466 So.2d 107 (Ala. 1985), and Underwood v. South Central Bell Telephone Co.,590 So.2d 170 (Ala. 1991), relied upon by the plaintiff pharmacist in support of his claim.
In 1990, Jim and Mary Pittman formed Modern Drug of Bayou La Batre, Inc., to operate a drug store. The Pittmans serve as directors and officers of Modern Drug. Mrs. Pittman is the sole stockholder. Mr. Pittman works for Modern Drug as a pharmacist, and he supervises the daily operation of the business. *Page 1378 
As reflected by a written agreement that Mr. Pittman signed, Modern Drug applied for an advertisement in the 1991 Bayou La Batre telephone directory, published by Mast Advertising Publishing, Inc. Mr. Pittman paid for the advertisement on Modern Drug's behalf.
The 1991 Bayou La Batre telephone directory contained no listing or advertisement for Modern Drug. Consequently, Modern Drug and Mr. Pittman sued Mast Advertising. In the complaint, as amended, Modern Drug alleged breach of contract, and Mr. Pittman alleged negligent failure to perform the contract and sought damages for "severe inconvenience, anxiety, pain and suffering, and mental anguish." C.R. 33. Mast Advertising answered and later moved for a summary judgment as to Mr. Pittman's claims. The trial court entered a partial summary judgment for Mast Advertising and against Mr. Pittman and made it final pursuant to Rule 54(b), Ala.R.Civ.P. Mr. Pittman appeals.
A summary judgment is proper upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. As the moving party, Mast Advertising had the burden of making a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law, but if it made such a showing, then the burden shifted to Mr. Pittman to present substantial evidence creating a genuine issue of material fact, in order to defeat the motion for summary judgment. Hoover v. Tuttle,611 So.2d 290, 291 (Ala. 1992); see Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
In support of its motion, Mast Advertising offered the pleadings, Mr. Pittman's deposition testimony, and Modern Drug's articles of incorporation and certificate of incorporation. These materials show, without dispute, that Mr. Pittman was a director and the president of, but not a stockholder in, Modern Drug; that he signed the listing agreement as an agent of Modern Drug, although Mast Advertising's representative listed him on the application as Modern Drug's owner; and that he did not apply for anindividual listing. This evidence reveals that Mr. Pittman was not a party to any agreement between Modern Drug and Mast Advertising.[1]
In support of his argument that the summary judgment was improper, Mr. Pittman relies primarily on Morgan v. SouthCentral Bell Telephone Co., 466 So.2d 107 (Ala. 1985), wherein this Court held that two periodontists who had paid for listings in a telephone directory could recover damages for mental anguish in a negligence action against a telephone company and the agency that had solicited the listing when one of their names was omitted. 466 So.2d at 114. In so holding, this Court noted:
 "The rule which seems to have emerged from the decisions in the United States is that there will be liability in tort whenever misperformance [of a bargaining transaction] involves a foreseeable, unreasonable risk of harm to the interests of the plaintiff or where there would be liability for performance without the contract. More simply stated, we must determine whether there is a legal duty sufficient to support an action for negligence. For that determination, three primary considerations are important: (1) the nature of the defendant's activity; (2) the relationship between the parties; and (3) the type of injury or harm threatened."
Id. (citing W. Page Keeton et al., Prosser Keeton on the Lawof Torts § 92, at 655 (5th ed. 1984)). *Page 1379 
The particular facts of Morgan demonstrated that the defendants should have reasonably foreseen that their misperformance of the contract would cause the plaintiffs to suffer mental anguish. At the time the plaintiffs opened their office, a listing in the Yellow Pages was the only permanent form of advertising permitted by the State Board of Dental Examiners. The plaintiffs notified the defendants that the name of one of the plaintiffs had been omitted from the 1978 directory. Nevertheless, despite complaints from the plaintiffs and verification of information by the defendants, the error was not corrected in either of three subsequent directories. This Court concluded that the imposition of tort liability was appropriate even though the relationship between the parties was primarily contractual, because the defendants, knowing that the plaintiffs depended on the listing as their only form of advertisement, performed the contract in such a negligent manner that the name of one of the plaintiffs was omitted four times in succession. 466 So.2d at 114.
Similarly, in Underwood v. South Central Bell Telephone Co.,590 So.2d 170 (Ala. 1991), this Court reversed a summary judgment in favor of the defendants, a telephone company and the agency that sold advertising in the Yellow Pages, on a roofing company's claim that the defendants had negligently omitted an advertisement. The plaintiffs, individual owners of the roofing company, were relying on the Yellow Pages as a main source of advertising and had been assured before the publication deadline that their application was complete and that the advertisement would be published. Moreover, one of the defendants, South Central Bell, recognized its responsibility to furnish a telephone directory to its subscribers and in fact promoted its Yellow Pages as a unique form of advertising for consumers in need of services. Based on these facts and relying on Morgan, this Court concluded that there was a genuine issue of material fact as to whether the defendants' actions were sufficient to create a duty in tort. 590 So.2d at 176. This Court addressed only the negligence claims of the plaintiff.Id. at 172 n. 3.
Subject to certain exceptions, the general rule is that "where the charge of negligence is based upon a breach of duty arising out of contractual relations, no cause of action arises in favor of one not in privity to such contract." Weston v.National Manufacturers Stores Corp., 253 Ala. 503, 508,45 So.2d 459, 463 (1950) (citations omitted); see also FederalMogul Corp. v. Universal Construction Co., 376 So.2d 716, 724
(Ala.Civ.App.), cert. denied, 376 So.2d 726 (Ala. 1979). The amended complaint clearly shows that Mr. Pittman's negligence claim is based on Mast Advertising's "fail[ure] to perform duties pursuant to the said contract." Here, the undisputed evidence shows that Mr. Pittman was not a party to any contract.
Based upon the evidence, we think this case is distinguishable from both Morgan and Underwood. Unlike Morgan, this case involves only one omission from a directory. Also, although Mrs. Pittman had recently bought Modern Drug from the previous owner, it was not a new business, which, arguably, would at least initially be more dependent upon advertising. Unlike Underwood, there is no evidence in this case that Mast Advertising made any further assurances regarding publication or that it promoted the Yellow Pages medium of advertising as unique. Unlike both of those other cases, there is no evidence in this case indicating that Modern Drug depended on the telephone directory listing as its exclusive, or even its main, form of advertising, or, if it did, that Mast Advertising was aware of that fact.
These distinctions are significant because they demonstrate that in both Morgan and Underwood, mental anguish and other extracontractual damages were reasonably foreseeable, and that the defendants in those cases had duties independent of the contracts, because their conduct in undertaking to perform the contracts involved affirmative acts, see Berkel Co.Contractors v. Providence Hospital, 454 So.2d 496, 502 (Ala. 1984), and cases cited therein. In contrast, the allegations in this case are based solely on the failure to publish an advertisement. That the defendant might commit such conduct, without more, would *Page 1380 
not make it reasonably foreseeable that Mr. Pittman would suffer the injury or harm he alleged; therefore, Mast Advertising did not have a duty independent of its agreement with Modern Drug.
Mr. Pittman also cites Utah Foam Products, Inc. v. Polytec,Inc., 584 So.2d 1345 (Ala. 1991), as authority for his claim of standing to maintain a negligence action. This argument misconstrues the holding in Utah Foam Products, in which this Court held that an individual stockholder, officer, and employee of a corporation had standing to maintain a counterclaim for damages based on torts allegedly committed against the corporation. 584 So.2d at 1354. As we construe UtahFoam Products, this Court did not hold that the individual counter-plaintiff had an independent right to sue to recover damages based on claims that derived from the corporation; therefore, Utah Foam Products does not stand for the proposition that a corporation's employee can, as a matter of course, maintain an action against a party to an agreement with the corporation based on negligent failure to perform that agreement. There is an exception, of course, when the defendant invades a legal duty that is independent or concurrent with the contract, Berkel, 454 So.2d at 501 (quoting Federal MogulCorp., 376 So.2d at 724), but, as discussed above, this case does not fall under that exception.
Because the harm or injury that Mr. Pittman alleges was not reasonably foreseeable when the listing was omitted, Mast Advertising did not owe a duty to Mr. Pittman; consequently, we affirm the partial summary judgment in favor of Mast Advertising and against Mr. Pittman. In affirming the partial summary judgment, we should not be understood as expressing any view on the corporation's claim, which is still pending in the trial court.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The record shows that, in opposition to the motion for summary judgment, Mr. Pittman did not file any affidavits or other evidence, as provided by Rule 56(e), Ala.R.Civ.P., but instead argued that Mast Advertising owed him a duty under tort law because, he claimed, it was reasonably foreseeable that the omission from the telephone directory would cause him to suffer the injury or harm alleged in the complaint.